STATE *ex rel.* WARD *v.* MURRELL, SUPERINTENDENT.

BURNS, SHERIFF, *v.* STATE *ex rel.* BOWMAN.

(*Knoxville*, September Term, 1935.)

Opinion filed Feb. 17, 1936.

FRANK DARWIN, of Chattanooga, for Frank Burns.

E. B. BAKER and JOE RODDY, both of Chattanooga, for Thomas Ward.

E. B. BAKER, of Chattanooga, for Leonard Bowman.

PEABODY HOWARD, of Chattanooga, for E. G. Murrell.

MR. JUSTICE COOK delivered the opinion of the Court.

These causes were heard upon appeal as if consolidated. They involve the validity of acts applicable to Hamilton county which confer jurisdiction upon the city court and the Second division of the criminal court.

By chapter 213, Private Acts of 1935, the Legislature conferred jurisdiction upon the city court of Chattanooga over misdemeanor cases arising within the city limits defined as misdemeanors not requiring trial by jury, and the Second division of the criminal court was vested with jurisdiction over misdemeanors in the county with power to arraign without indictment and try without a jury.

After passage of the act, Thomas Ward, the relator, was arrested upon a warrant for assault with a pistol, which implies a felony. He was carried before the judge of the Second division of the criminal court and upon arraignment the trial judge ordered the issuance of a warrant for the offense of going armed and thereupon adjudged him guilty and imposed a fine of $50. Unable to pay or secure the fine and costs, the relator was committed to the workhouse.

Alleging that the act conferring such power upon the court was void and the order of imprisonment illegal, Ward sued out the writ of *habeas corpus*. At a hearing upon the petition and respondent's demurrer, Judge Lusk declared the act void and ordered the prisoner's discharge from custody, and the respondent appealed. Pending appeal, the Legislature enacted chapter 794, Private Acts of 1935, embodying substantially the subject-matter of chapter 213.

■■ We concur in the conclusion of Judge Lusk that chapter 213, Private Acts of 1935, is violative of the law of the land provision of the Constitution and is for that

reason void. His judgment discharging the prisoner is affirmed. Beyond this it is sufficient to say that it is apparent upon comparison of the act that chapter 213 was repealed by the enactment of chapter 794. See *Bennett* v. *State*, 2 Yerg., 472; *Zickler* v. *Union Bank & Trust Co.*, 104 Tenn., 277, 57 S. W., 341. This conclusion does not rest strictly upon the doctrine of repeal by implication, but upon the fact that the new law which covers the entire subject-matter of the first act was a legislative declaration that the last act was intended as a substitute for the first.

After enactment of chapter 794 the relator Leonard Bowman was tried before a justice of the peace on a charge of public drunkenness and fined $2. In default of payment of the fine and costs, he was committed to the workhouse. He sued out the writ of *habeas corpus* charging that the imprisonment is illegal because the act deprived justices of the peace of jurisdiction in such cases. Upon trial before Judge MILLER, the last act was declared unconstitutional. The relator's petition was dismissed, and he was remanded to custody. We concur in the conclusion of Judge MILLER that chapter 794, Private Acts of 1935, is void.

Referring to the contention of counsel that both acts should be sanctioned or sustained as necessary measures to rid Hamilton county of abuses of the fee system, it may be said that such abuses as exist could be corrected by the creation of inferior courts of appropriate jurisdiction without the necessity of either the legislative or judicial departments of the state ignoring or transcending the fundamental law.

Possession of the office of justice of the peace is not attended by any vested right to expectant fees. No pro-

vision of the fundamental law clothes justices of the peace with jurisdictional power or the right to try cases. Their jurisdiction is statutory, and the justice of the peace is entitled to fees only when allowed by statute. If the official duties by which fees result should be transferred to another tribunal, so that no service is required, and none can be performed, no personal right is affected and no property right is impaired.

True, where, as held in *State* v. *Kerby*, 136 Tenn., 386, 189 S. W., 859, the justice of the peace in the exercise of lawful jurisdiction has performed a service and certified fees legally earned for payment in the manner provided by law, he could not be penalized as was attempted by the statute there involved. Such legislation is distinguishable from that which transfers jurisdiction from one legally constituted court to another, as may be done in the exercise of power to establish courts under article 6, section 1, of the Constitution. By that provision the Legislature may create courts of general, special, or limited jurisdiction within a particular county or locality. *Hodge* v. *State*, 135 Tenn., 525, 188 S. W., 203; Judges' Cases (*McCulley* v. *State*), 102 Tenn., 509, 53 S. W., 134; *State ex rel. Webb* v. *Brown*, 132 Tenn., 685, 179 S. W., 321; *Moore* v. *State*, 5 Sneed., 510.

In *Moore* v. *State, supra,* it was said that under article 6, section 1, of the Constitution the Legislature may determine how many and what kind of courts are required for the administration of justice, and what shall be the limits of their jurisdiction. Acts creating such courts are not partial or discriminatory in the sense of article 1, section 8, and article 11, section 8, of the Constitution. Those provisions refer to laws that impair rights or impose penalties, and they are not involved un-

less the act creating the court subjects citizens, brought before such court, as was attempted by the act before us, to a summary or unusual procedure by which they are deprived of rights that are left open to citizens elsewhere in the state. The right of trial by jury, which is denied or impaired by provisions of this act, is the subject of general legislation, and laws affecting that right must be equal and uniform throughout the State. *Silberman* v. *Hay*, 59 Ohio St., 582, 53 N. E., 258, 44 L. R. A., 264. See *State* v. *Gerry*, 68 N. H., 495, 38 A., 272, 38 L. R. A., 228.

By chapter 794, Private Acts of 1935, the city court of Chattanooga was vested with power to try for misdemeanors committed within the city limits as follows:

"If the offense be one where the penalty provided by law is in excess of Fifty Dollars, or where a fine of any amount and imprisonment is prescribed, or where a greater fine is required in the interest of law and justice, said court shall act as a committing court, and bind the offender to the Second Division of the Criminal Court of Hamilton County for trial by jury.

"In all other such cases said City Court is authorized to hear the evidence and render judgment without a jury, and either discharge the defendant or fix the punishment as provided by law. Such judgment shall be final unless appealed from as hereinafter provided. . . .

"That all persons arrested for the commission of a misdemeanor and brought to trial in said Court shall be tried on a warrant issued by such Court upon affidavit of a prosecutor or information of the District Attorney-General, or one of his regular assistants, such warrant to substantially charge the offense with reasonable certainty so as to acquaint the defendant with the offense

charged and protect him from future prosecution for the same offense. . . .

"After judgment of conviction in cases requiring commitment to the workhouse of Hamilton County, the Judge of said City Court shall issue a *mittimus* direct to the workhouse authorities." Sections 1, 2.

By section 6 it was provided:

"That all misdemeanor cases committed from said City Court to the Criminal Court of Hamilton County shall be heard and disposed of in the Second Division of said Court presided over by the Judge of the Second Division of the Circuit Court of Hamilton County. Such cases shall be tried before a jury in said court upon the original warrant and without an indictment of a grand jury. It shall be the duty of the Attorney-General of such district to prosecute such cases and amend the warrant, or file any information when deemed necessary, or upon orders of the Court.

"The Second Division of the Criminal Court of Hamilton County is hereby vested with jurisdiction to try and determine misdemeanor cases arising in Hamilton County in the following manner:

"Warrants may be issued by said Court upon affidavit of a prosecutor or upon information of the Attorney-General for the arrest of persons charged with any offense in Hamilton County. Said Court shall hear felony charges and act as a committing Court.

"In other misdemeanor cases said Court shall try the case and enter judgment without a jury. In all misdemeanor cases there shall be tried upon the original warrant and without an indictment of a grand jury. Nothing in this Act shall prevent the grand jury from

making investigations and returning indictments or presentments in misdemeanor cases."

The act in question does not relate to Hamilton county as a political entity or arm of the state government. It deals with the trial of offenders against state laws over which the county has no authority, and runs counter to the provisions of the Constitution that forbid discriminatory laws.

The Legislature could not, in creating a special court for a particular county, or by transferring jurisdiction from one court of the locality to another, prescribe a procedure by which citizens within the limited jurisdiction would be deprived of the right of trial by jury, and upon indictment or presentment, a right assured to citizens of all other counties of the state. In other words, the Legislature cannot restrict trial by jury in courts of Hamilton county and empower the courts of that county to proceed summarily upon the accusation of an arresting officer, aggrieved person, or the judge, and punish for misdemeanor by the imposition of fines and imprisonment.

In *State* v. *White*, 132 Tenn., 203, 177 S. W., 478, the relation of the court and jury is discussed and the law applied. Under our system of jurisprudence, that relation is not easily severable, especially when we consider the constitutional provision that forbids the imposition of a fine exceeding $50 without a jury. See *State ex rel. Astor* v. *Schlitz Brewing Co.*, 104 Tenn., 715, 738, 59 S. W., 1033, 78 Am. St. Rep., 941, and *Scopes* v. *State*, 154 Tenn., 105, 121, 289 S. W., 363, 53 A. L. R., 821.

In the exercise of the power conferred upon the city court to try and punish where the prescribed fine is less than $50, that court, pursuant to the broad definition of

misdemeanors, by section 10755 of the Code, could add imprisonment for not more than a year in any case. The power to impose a fine of less than $50 is attended by the power of the court to punish by imprisonment. *Pressly* v. *State*, 114 Tenn., 534, 538, 86 S. W., 378, 69 L. R. A., 291, 108 Am. St. Rep., 921.

No good and valid reason is suggested and none can be conceived for subjecting citizens of a single county to arraignment without indictment and trial without jury contrary to the law of the land, that is, contrary to rights assured citizens in all other counties of the State.

The law of the land means a law that embraces all persons who are or may come into the like situation. All persons charged with misdemeanor fall within one general classification. Misdemeanors in Hamilton county cannot be distinguished from misdemeanors in the other counties of the state. A statute that embraces only a portion of those persons who exist in the same situation, for instance persons charged with misdemeanor under the Penal Code, is not the law of the land within the meaning of article 1, section 8, of the Constitution.

For the reasons stated herein, the judgments of Judge Lusk and Judge Miller are affirmed. Separate orders will be entered.