**Faith Bailey MORFORD,
Plaintiff-Appellant,**

v.

**YONG KYUN CHO, Defendant-Appellee.**

Court of Appeals of Tennessee,
Middle Section, at Nashville.

April 1, 1987.

Application for Permission to Appeal
Denied by Supreme Court
June 15, 1987.

Maclin P. Davis, Jr., R.E. Lee Davies, Granville S.R. Bouldin, Jr., Waller Lansden Dortch & Davis, Nashville, for plaintiff-appellant.

Joseph B. Klockenkemper, II, Ortale, Kelley, Herbert & Crawford, Nashville, for defendant-appellee.

## OPINION

LEWIS, Judge.

The issue in this case involves the application of Tenn. Code Ann. § 28–1–105, the Savings Statute.

This case arose from a collision between two cars in Nashville, Tennessee, on March 10, 1984. On July 25, 1984, the plaintiff filed suit in the Court of General Sessions in Davidson County to recover for injuries she suffered in the accident. On September 24, 1984, plaintiff obtained a default judgment against the defendant for $9,000. On October 4, 1984, the defendant appealed to the Circuit Court for Davidson County.

On May 16, 1985, Public Acts of 1985, Chapter 344, was signed and became law. Section 1 of that Act amended Tenn. Code Ann. § 28–1–105. The amendment stated: "Actions originally commenced in general sessions court and subsequently recommenced pursuant to this section in circuit or chancery court, shall not be subject to the monetary jurisdictional limit originally imposed in the general sessions court."

On April 7, 1986, plaintiff took a voluntary nonsuit, pursuant to Tennessee Rule of Civil Procedure 41.01. On April 23, 1986, plaintiff filed a complaint in the Circuit Court for Davidson County, alleging that as a result of the injuries she received in the March 10, 1984, accident, she was entitled to recover the sum of $300,000.

On May 23, 1986, defendant moved to limit plaintiff's *ad damnum* clause to $10,-000, the jurisdictional limit of the General

Sessions Court, on the ground that Tenn. Code Ann. § 28-1-105, article 1, § 20, of the Tennessee Constitution, and article 1, § 10, of the United States Constitution barred plaintiff's claim beyond that jurisdictional limit.

The Circuit Court granted defendant's motion and entered an order limiting plaintiff's recovery to $10,000, reasoning that retrospective application of the 1985 amendment to Tenn. Code Ann. § 28-1-105 would disturb a vested right of the defendant.

Pursuant to Tennessee Rule of Appellate Procedure 9, we granted an interlocutory appeal.

The sole issue is whether the 1985 amendment to Tenn. Code Ann. § 28-1-105 acts retrospectively so as to allow plaintiff to take a voluntary nonsuit in Circuit Court of a case commenced in General Sessions Court and subsequently file a new suit in Circuit Court for an amount greater than the monetary jurisdictional limit of the General Sessions Court.

As amended, Tenn. Code Ann. § 28-1-105 provides:

### NEW ACTION FOR ADVERSE DECISION.—

If the action is commenced within the time limited by a rule or statute of limitation, but the judgment or decree is rendered against the plaintiff upon any ground not concluding his right of action, or where the judgment or decree is rendered in favor of the plaintiff, and is arrested, or reversed on appeal, the plaintiff, or his representatives and privies, as the case may be, may, from time to time commence a new action within one (1) year after the reversal or arrest. Actions originally commenced in general sessions court and subsequently recommenced pursuant to this section in circuit or chancery court, shall not be subject to the monetary jurisdictional limit originally imposed in the general sessions court.

The defendant insists that Tenn. Code Ann. § 28-1-105 means that the plaintiff must take a voluntary nonsuit in General Sessions Court in order not to be bound by the jurisdictional limit of General Sessions Court in a new case instituted in Circuit Court. Therefore, defendant argues that plaintiff may not sue for more than the jurisdictional limit since she did not take a nonsuit in General Sessions Court but rather took a nonsuit in Circuit Court after receiving a judgment in General Sessions Court.

■ We disagree. The Savings Statute is remedial and is to be liberally construed. *Woods v. Palmer*, 496 S.W.2d 474, 475 (Tenn.1973). In *Worrall v. Kroger Co.*, 545 S.W.2d 736, 738 (Tenn.1977), our Supreme Court stated:

The fundamental rule of statutory construction is to ascertain and, if possible, give effect to the intention or purpose of the legislature as expressed in the statute. This legislative intent or purpose is to be ascertained primarily from the natural and ordinary meaning of the language used, when read in the context of the entire statute, without any forced or subtle construction to limit or extend the import of the language.

(citations omitted.)

The Savings Statute provides that the jurisdictional limits of General Sessions Court does not apply to actions "originally commenced in general sessions court and subsequently recommenced pursuant to this section in circuit or chancery court." Tenn. Code Ann. § 28-1-105. The statute in no way indicates that the plaintiff must take a voluntary nonsuit in General Sessions Court in order not to be bound by that court's jurisdictional limit. Therefore, the statute removes the jurisdictional limit from an action commenced in General Sessions Court, appealed to Circuit Court, and subsequently recommenced pursuant to the Savings Statute in Circuit or Chancery Court. If the 1985 amendment has retrospective effect, plaintiff is not bound by the $10,000 jurisdictional limit of General Sessions Court.

■ Article 1, § 20, of the Tennessee Constitution states: "That no retrospective law, or law impairing the obligation of con-

tracts, shall be made." Our Supreme Court has defined the term "retrospective laws" in the context of the Tennessee Constitution as "those which take away or impair vested rights acquired under existing laws or create a new obligation, imposing a new duty, or attach a new disability in respect to transactions or considerations already passed." *Morris v. Gross*, 572 S.W.2d 902, 907 (Tenn.1978). Retrospective statutes affecting remedies and not impairing vested rights are constitutional. *Huntsman's Lessee v. Randolph*, 6 Tenn. 262, 270–271 (1818). *See Saylors v. Riggsbee*, 544 S.W.2d 609, 610 (Tenn.1976).

■ As the defendant points out, most statutes are presumed to operate prospectively unless the legislature indicates a contrary intention. *Cates v. T.I.M.E., DC, Inc.*, 513 S.W.2d 508, 510 (Tenn.1974). However, our Supreme Court has stated: "Remedial or procedural statutes apply retrospectively not only to causes of action arising before such acts become law, but to all suits pending when the legislation takes effect, unless the legislature indicates a contrary intention or immediate application would produce an unjust result." *Saylors v. Riggsbee*, 544 S.W.2d 609, 610 (Tenn. 1976) (citations omitted).

Remedial statutes are defined as follows: "Legislation providing means or methods whereby causes of action may be effectuated, wrongs redressed, and relief obtained is 'remedial.'" *Black's Law Dictionary* 1162 (5th ed. 1979).

■ The Savings Statute is remedial in nature. *Woods v. Palmer*, 496 S.W.2d 474, 475 (Tenn.1973). The 1985 amendment to the statute affects the jurisdiction of the Circuit and Chancery Courts when hearing cases commenced in General Sessions Court. Statutes changing jurisdiction of a court are considered to be remedial in nature. *See State ex rel. Ward v. Murrell*, 169 Tenn. 688, 692–693, 90 S.W.2d 945, 946 (1936). Therefore, the 1985 amendment is remedial.

■ However, it is unconstitutional to apply retrospectively a statute that is primarily remedial in nature but also disturbs a vested right. *Henderson v. Ford*, 488 S.W.2d 720, 721 (Tenn.1972).

The defendant argues that he has a vested right in the $10,000 jurisdictional limit in the General Sessions Court. The defendant asserts that prior to the 1985 amendment the plaintiff would have been bound by the jurisdictional limit under *Moran v. Weinberger*, 149 Tenn. 537, 550, 260 S.W. 966, 969 (1924).

In *Moran*, the plaintiff obtained a judgment from the justice of the peace and the defendant appealed to the Circuit Court. The plaintiff subsequently took a voluntary nonsuit and, after the expiration of the statute of limitations, recommenced the suit under the Savings Statute for more than the jurisdictional limit of the justice of the peace. On appeal, our Supreme Court held that the plaintiff was limited to the jurisdiction of the justice of the peace because the Savings Statute preserved the plaintiff's remedy only to the extent such action had been lawfully commenced. *Id.* at 548, 260 S.W. at 969.

The defendant contends that there is a vested right in the statute of limitations when the cause of action has accrued and expired. In such a case an act extending the statute of limitations will not be given retrospective effect. *Yancy v. Yancy*, 52 Tenn. 353, 363–364 (1871); *Collier v. Memphis Light, Gas and Water Division*, 657 S.W.2d 771, 775 (Tenn.App.1983). By analogy, defendant claims that he has a vested right in the $10,000 jurisdictional limit which prevents the retrospective application of the 1985 amendment.

■ We agree that a defendant has a vested right in a defense under the statute of limitations that bars the plaintiff's action. *Yancy*, 52 Tenn. at 363–364. However, the holding in *Moran* did not completely bar the plaintiff's action but simply limited it.

Furthermore, the 1985 amendment to Tenn. Code Ann. § 28–1–105 in no way affected the merits of the case. The amendment merely changed the monetary jurisdiction of the Circuit Court in cases commenced in General Sessions Court and

recommenced in Circuit Court pursuant to Tenn. Code Ann. § 28–1–105. "Acts affecting the jurisdiction of courts relate to a matter of remedy merely...." 16A C.J.S. *Constitutional Law* § 270 (1984). *See State ex rel Ward v. Murrell,* 169 Tenn. 688, 692–693, 90 S.W.2d 945, 946 (1936). Likewise, the United States Supreme Court has found a legislative act increasing the jurisdiction of a court to be merely remedial and held that the United States Constitution allowed such a statute to be applied retrospectively. *United States v. Union Pacific Railroad,* 98 U.S. 8 Otto 569, 607–608, 25 L.Ed. 143 (1878).

■ Therefore, the retrospective application of the 1985 amendment does not impair a vested right of the defendant and is constitutional under the Constitution of Tennessee and the Constitution of the United States.

The judgment of the trial court in limiting plaintiff's *ad damnum* clause to $10,000 is reversed and the cause remanded to the trial court for the collection of costs which are assessed against the defendant and for further necessary proceedings.

TODD, P.J. (M.S.), and LLOYD TATUM, Special Judge, concur.