**CLARKSVILLE–MONTGOMERY
COUNTY BOARD OF
EDUCATION**

v.

**UNITED STATES GYPSUM
COMPANY, et al.**

No. 3–84–0315.

United States District Court,
M.D. Tennessee,
Nashville Division.

Feb. 17, 1989.

Cunningham, Mitchell, Hicks & Wede-
meyer, Ross H. Hicks, Clarksville, Tenn.,
Daniel A. Speights, Speights & Runyan,
Hampton, S.C., Edward J. Westbrook, J.
Martin Harvey, Motley, Loadholt, Richard-
son, Poole, Charleston, S.C., for plaintiffs.

Darryl G. Lowe, Knoxville, Tenn., Mi-
chael R. Libor, Raymond T. Cullen, Mor-
gan, Lewis & Bockius, Philadelphia, Pa.,
for U.S. Gypsum Co.

## MEMORANDUM

WISEMAN, Chief Judge.

Defendant United States Gypsum Com-
pany (U.S. Gypsum) has moved for partial
summary judgment based on the Tennes-
see statute of repose.[1] The motion calls
upon the Court to consider whether the
holdings in *Murphree v. Raybestos–Man-
hattan, Inc.*, 696 F.2d 459 (6th Cir.1982),
and its descendants are still viable in light
of recent developments in the Tennessee
court. In *Murphree*, the Sixth Circuit pre-
dicted that the Tennessee Supreme Court
"will no longer apply the vested rights
doctrine to prevent the Tennessee legisla-
ture from ameliorating the harshness of a
rule that bars a plaintiff's claim before he
discovers it." *Id.* at 462. The Sixth Circuit
held that a retrospective application of
"[t]he statutory amendment excepting as-
bestos-related disease causes of action
from the ten year limitations based on sale
does not abridge any right protected under
the Tennessee Constitution." *Id. Accord
Hill v. A.O. Smith Corp.*, 801 F.2d 217,
224–25 (6th Cir.1987); *Clay v. Johns–Man-
ville Sales Corp.*, 722 F.2d 1289, 1291–93
(6th Cir.1983). This Court finds that post-
*Murphree* developments in Tennessee do
not cast doubts upon the *Murphree* hold-
ing. Accordingly, defendant's motion for
partial summary judgment is denied.

*Murphree* based its holding upon
*McCroskey v. Bryant Air Conditioning
Co.*, 524 S.W.2d 487 (Tenn.1975). *McCros-
key* announced that the "judicial policy in
Tennessee does not favor doctrines that
activate statutes of limitations before the
plaintiff has knowledge of his injury."
*Murphree*, 696 F.2d at 461, *citing McCros-
key*, 524 S.W.2d at 489. In doing so, the
*McCroskey* court took direct issue with

---

1. The statute at issue is Tenn.Code Ann.
§ 29–28–103. The statute applies to products
liability actions. Subsection (a) provides, with
certain reservations, that such claims must be
brought within six years after injury, and "in
any event, ... within ten (10) years from the
date on which the product was first purchased
for use or consumption." Sub-section (b) is
known as the "asbestos exception." This excep-
tion was enacted a year after the original ver-
sion. The exception reads: "The foregoing limi-
tation of actions shall not apply to any action
resulting from asbestos exposure."

*Ford Motor Co. v. Moulton,* 511 S.W.2d 690 (Tenn.1974), which held that a statutory amendment running a limitation period from discovery of injury rather than from sale could not be applied retroactively. Although the facts of *McCroskey* did not provide occasion to expressly overrule *Moulton,* the court highlighted that it quoted with approval from the *Moulton* dissent:

> The following principles are stated concisely in *Hodge v. Service Machine Co.,* 438 F.2d 347 (6th Cir.1971).
>
> 'A cause of action accrues when a suit may be maintained upon it. A suit may not be brought upon a cause of action until it exists, and a cause of action does not exist until all its elements coalesce. In civil actions for damages, two elements must coalesce before a cause of action can exist: (a) a breach of some legally recognized duty owed by the defendant to the plaintiff; (b) which causes the plaintiff some legally cognizable damage.'
>
> To hold that a products liability action, which is a recognized legal right, is barred by a statute of limitations before any injury is sustained, deprives a person of the opportunity of redress for an injury done him in his goods or person by due process of law, contrary to our Constitution.
>
> . . . . .
>
> [W]e do not reach the matter of [the statute's] retrospective application. We, therefore, neither re-affirm nor reverse *Ford Motor Co. v. Moulton,* but we have quoted, with approval, from the dissent of our present Chief Justice.

*McCroskey,* 524 S.W.2d at 490 (citations omitted). The *Murphree* court inferred from this criticism of *Moulton* that the Tennessee Supreme Court would overrule *Moulton* on the retroactivity or vested rights issue if the occasion were presented. *Murphree,* 696 F.2d at 461 & 462.

U.S. Gypsum argues that subsequent developments in the Tennessee courts compel reconsideration of that inference. First, U.S. Gypsum calls attention to *Jones v. Five Star Engin., Inc.,* 717 S.W.2d 882 (Tenn.1986), where the Tennessee Supreme Court upheld the constitutionality of Tennessee's products liability statute of repose. U.S. Gypsum suggests that this holding demonstrates a retreat from Justice Fones' position as quoted in both *McCroskey* and *Murphree.* Indeed, to the extent Justice Fones' position may be interpreted to mean that any statute of repose is unconstitutional, defendant's argument is correct. But defendant's argument goes no further than that limited proposition. In fact, Justice Fones' dissenting position in *Moulton* opposed a *judicial* rule which ran the statute of limitations from the date of sale, not of discovery. According to Justice Fones, judicial fiat could not deprive a claimant of his day in court to redress an alleged deprivation of a recognized legal right. *See Moulton,* 511 S.W. 2d at 697. He was not concerned with whether a legislature may enact a statute of repose. Thus, *Jones* does not signify a retreat from *McCroskey.* Rather, it simply affirms that a legislature may enact a statute of repose where it is rationally related to and reasonably furthers the stated purposes of the legislature in enacting the statute. *See Jones,* 717 S.W.2d at 883. *See also Kochins v. Linden–Alimak, Inc.,* 799 F.2d 1128 (6th Cir.1986).

Secondly, defendant contends that the Tennessee Court of Appeals has reaffirmed the vested rights doctrine as applied in *Moulton* and that the Tennessee Supreme Court has declined the opportunity to disturb that reaffirmation. According to defendant, this persistence of *Moulton* contradicts the Sixth Circuit's prediction in *Murphree* and compels a holding that the asbestos exception may not be applied retrospectively. Specifically, defendant relies upon *Morford v. Yong Kyon Cho,* 732 S.W. 2d 617 (Tenn.App.1987), *permission to appeal den.,* June 15, 1987, and *Mulkey v. Card,* unpublished opinion (March 7, 1988), *permission to appeal den.,* July 18, 1988 (as reported on Westlaw, TN–CS, 1988 WL 20459).

*Morford* involved the application of the Tennessee Savings Statute, Tenn.Code Ann. § 28–1–105. The defendant in *Mor-*

*ford* had appealed a $9,000 default judgment entered against him in the General Sessions Court. The plaintiff later took a voluntary non-suit under Rule 41.01, Tenn. R.Civ.P., and filed a claim in the Circuit Court seeking $300,000 in damages. Between the time of defendant's appeal and plaintiff's non-suit, an amendment to Tenn. Code Ann. § 28–1–105 was signed into law. The effect of the amendment was to remove the General Sessions jurisdictional limit of $10,000 from actions which are originally filed in General Sessions Court, non-suited, and refiled in Circuit Court. 732 S.W.2d at 618. The Court of Appeals held that retrospective application of the amendments would not impair a vested right of the defendant in limiting plaintiff's recovery to the $10,000 jurisdictional limit. *Id.* at 621. *Mulkey v. Card* also considered the application of Tennessee's Savings Statute. Plaintiff had taken two non-suits. The trial court granted the second non-suit "subject to refiling." Plaintiff refiled his claim more than one year after the first dismissal, but less than one year after the second. The trial court permitted refiling of the claim, believing that the language of its second order of dismissal extended the one year statute of limitations. The Court of Appeals reversed, holding that the vested rights doctrine deprived the court of authority to extend the limitations period.

Both cases do contain *dicta* arguably to support U.S. Gypsum's position. In *Morford*, the court stated that "a defendant has a vested right in a defense under the statute of limitations that bars the plaintiff's action" where the cause of action had accrued and expired. 732 S.W.2d at 620. In *Mulkey*, the court supported its conclusion with reference to the powers of the legislature. The court stated that the legislature could not extend a statute of limitations

> so as to create a right that has been lost by the running of the statute. *See Coal Co. v. Scott,* 121 Tenn. 88 [114 S.W. 930] (1908); *Girdner v. Stephens,* 1 Heisk. 280, 2 Am. Rep. 700; *Yancey v. Yancey,* 5 Heisk. 353, 13 Am. Rep. 5; *Tenn. Coal Co. v. McDowell,* 100 Tenn. [565] 571, 572, 47 S.W. 153.... 'As to the circumstances under which a man may be said to have a vested right to a defense, it is somewhat difficult to lay down a comprehensive rule. He who has satisfied a demand cannot have it revived against him, and he who has become released by the operation of the statute of limitations is equally protected. In both cases the right is gone; and to restore it would be to create a new contract for the parties —a thing quite beyond the power of the legislature.'

Westlaw Slip op. at 4.

Although such language may support defendant's position, in each case it is simply dictum. Neither case addresses the specific question of whether the asbestos exception may be applied retrospectively. Thus, each case is distinct from *Murphree.* More importantly, in denying permission to appeal either case, the Tennessee Supreme Court demonstrated a willingness to accept only the holding of each case. Both address circumstances where a governmental body has taken action while judicial proceedings are pending, to some extent upsetting the expectations which the parties had when the proceedings began. In *Morford*, the court held that an intervening legislative act enabling a plaintiff to seek a larger recovery than was originally requested was permissible under the Tennessee Constitution. *Mulkey* held that the court could not constitutionally enter an order extending the limitations period contained in the Tennessee Savings Statute. Neither holding suggests that the Tennessee Supreme Court would apply the vested rights doctrine to prohibit the legislature from ameliorating the harshness of a rule that bars a plaintiff's claim before he discovers it.

Nothing presented by defendant undercuts the viability of *Murphree.* It continues to bind this Court. Therefore, this Court need not consider whether the asbestos exception applies to this case retrospectively or prospectively. Either application is permissible under the Tennessee Constitution. Defendant's motion is denied.