IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT NASHVILLE
Assigned on Briefs November 20, 2008

**STATE OF TENNESSEE v. DAVID A. FERRELL**

**Direct Appeal from the Circuit Court for Warren County**
**Nos. M-10896, M-11032      Larry B. Stanley, Jr., Judge**

_____

**No. M2007-01306-CCA-R3-CD - Filed August 7, 2009**

_____

The pro se defendant, David A. Ferrell, was convicted of failure to display a license, violation of the seatbelt law, and two violations of the vehicle registration law. The convictions arose from two indictments separated by five months. He was sentenced to thirty days in the county jail for his first violation of the registration law and for failure to display a license and to twenty days for his second violation of the registration law. Additionally, a $20.00 fine was imposed for his seatbelt law violation. His sentences were ordered to run consecutively. On appeal, he argues that the trial court did not have jurisdiction over his cases. After careful review, we affirm the judgments from the trial court.

**Tenn. R. App. P. 3 Appeal as of Right; Judgments of the Circuit Court Affirmed**

JOHN EVERETT WILLIAMS, J., delivered the opinion of the court, in which DAVID H. WELLES and NORMA MCGEE OGLE, JJ., joined.

David A. Ferrell, Spencer, Tennessee, Pro Se.

Robert E. Cooper, Jr., Attorney General and Reporter; J. Ross Dyer, Senior Counsel; and Lisa Zavogiannis, District Attorney General, for the appellee, State of Tennessee.

**OPINION**

This case arises from two traffic stops of the defendant; one by the McMinnville Police Department and one by the Tennessee Highway Patrol. On August 10, 2006, an officer with the McMinnville Police Department stopped the defendant after observing him operating a blue Mercedes with a license tag registered to a Chevrolet. The officer, who had prior knowledge that the defendant swapped license plates on his vehicles, stopped the vehicle when the defendant attempted to exit a parking lot and enter the street.

The officer informed the defendant that his registration did not match his vehicle and asked for his driver's license and proof of insurance. The defendant told him that he did not have to

provide anything to him because he was not a State Trooper and declined to produce a driver's license. The officer charged him with the offenses of driving a vehicle that was not properly registered and failure to display a license. The officer said that he later researched the defendant's license information and that it showed he had a valid license with no prior negative history.

The second incident giving rise to this appeal occurred on November 25, 2006, when the defendant was stopped by a Tennessee Highway Patrolman for failing to wear a seatbelt and for driving an improperly registered vehicle.

The convictions were consolidated for this appeal.

Analysis

On appeal, the defendant argues that the trial court did not have jurisdiction over his cases and that he is not subject to the enforcement of traffic laws by local law enforcement authorities.

The defendant had a preliminary hearing in General Sessions court, probable cause was determined in each case, and the matters were bound over to the grand jury. The grand jury returned an indictment in each case conferring jurisdiction of the defendant's cases to the Warren County Circuit Court. *See* T.C.A. §§ 16-10-102 and 40-1-108 (2006). Thus, the Warren County Circuit Court had jurisdiction for the underlying cases. This issue is without merit.

The defendant also contends that he is not subject to the jurisdiction of any court except the Tennessee Supreme Court. This claim is similar to one raised in *State v. Keller*, 813 S.W.2d 146 (Tenn. Crim. App. 1991), and *State v. Goodson*, 77 S.W.3d 240 (Tenn. Crim. App. 2001). This court, in *Keller*, recited the history of the Tennessee Constitution and how the Constitution vested the judicial power in the supreme court and in such inferior courts as the legislature shall ordain and establish.

> The first Constitution of Tennessee was adopted February 6, 1796[,] and took effect on June 1, 1796, the date Tennessee was admitted to the Union. The second Constitution was adopted in 1834[,] and took effect on March 27, 1835[,] and is generally known as the Constitution of 1834. Our current Constitution of 1870 was adopted February 23, 1870[,] and became effective May 5, 1870. Compilers Notes to the Preamble and Declaration of Rights of the Constitution of the State of Tennessee.

> Article VI, Section 1 of the Tennessee Constitution provides:

> The judicial power of this State shall be vested in one Supreme Court and in such Circuit, Chancery and other inferior Courts as the Legislature shall from time to time, ordain and establish; in the Judges thereof, and in Justices of the Peace. The Legislature may also vest such jurisdiction in Corporation Courts as may be deemed necessary. Courts to be holden by Justices of the Peace may also be established.

In addition to the power to "ordain and establish" courts, the legislature also has the constitutional power to change the jurisdiction of the courts. Article VI, § 8, Tennessee Constitution. *Moore v. Love*, 171 Tenn. 682, 107 S.W.2d 982, 985 (1937). This grant of power to the legislature includes the power to determine how many and what kinds of courts are required for the administration of justice and includes the power to fix the limits of each court's jurisdiction. The power granted to the legislature by Article VI, § I, includes the power to "create courts of general, special or limited jurisdiction within a particular county or locality." *State ex rel. Ward v. Murrell*, 169 Tenn. 688, 90 S.W.2d 945, 946 (1936), citing numerous cases.

Pursuant to that grant of power, the legislature has expressly conferred "exclusive original jurisdiction of all crimes and misdemeanors, either at common law or by statute" upon the circuit courts, unless otherwise expressly provided by the legislature. T.C.A. § 16-10-102. Like the circuit courts, the jurisdiction of this Court is derived from the grant of power to this Court by the legislature. This Court's jurisdiction extends to the review of, among other things, final judgments of trial courts in criminal cases, both felonies and misdemeanors. T.C.A. § 16-5-108(a)(1).

*State v. Keller*, 813 S.W.2d at 147-48.

The defendant was convicted of two counts of violation of the state vehicle registration law, which is forbidden by Tennessee Code Annotated section 55-3-102; violation of the seatbelt law, forbidden by Tennessee Code Annotated section 55-9-603; and failure to display a driver's license, forbidden by Tennessee Code Annotated section 55-50-351. Thus, it is clear that the Warren County Circuit Court had jurisdiction to hear and decide the defendant's case based upon his commission of "crimes and misdemeanors" and that this Court has the jurisdiction to hear this appeal. "The contention otherwise is without merit." *Keller*, 813 S.W.2d at 148.

The defendant also contends that he has a constitutional right to travel and that the State and the McMinnville Police officers who stopped him from driving impermissibly interfered with that right by requiring that his vehicle be registered, that he be licensed, and that he wear a seatbelt. This court in *State v. Booher*, 978 S.W.2d 953, 956 (Tenn. Crim. App. 1997), held that the state legislature may properly enact reasonable regulations requiring licensing and registration of motor vehicles as it furthers the interests of public safety and welfare pursuant to its police power. It is well settled that "the ability to drive a motor vehicle on a public highway is not a fundamental right. Instead, it is a revocable privilege that is granted upon compliance with statutory licensing procedures." *Id*. Here, the defendant has not proffered any rationale for this Court to depart from its prior precedent and is, therefore, not entitled to any relief.

Based on the foregoing and the record as a whole, we affirm the judgments from the trial court.

_____
JOHN EVERETT WILLIAMS, JUDGE