# IN THE COURT OF APPEALS OF TENNESSEE
## AT KNOXVILLE
November 18, 2015 Session

## GREG LAYMAN v. AARON ACOR ET AL.

**Appeal from the Circuit Court for Sevier County**
**No. 14-CV-182-IV     O. Duane Slone, Judge**

_____

## No. E2015-00750-COA-R3-CV-FILED-JANUARY 28, 2016

_____

This action was originally filed in general sessions court against three defendants and resulted in a judgment for the plaintiff. Two of the co-defendants appealed to circuit court. The remaining co-defendant successfully sought to have the general sessions judgment set aside for insufficient service of process. Thereafter, the general sessions court transferred the claim against the one remaining co-defendant to circuit court to be consolidated with the pending appeal filed by the other co-defendants. The plaintiff subsequently voluntarily dismissed the action. One co-defendant filed a motion to alter or amend, asserting that the circuit court should not have allowed the plaintiff to voluntarily nonsuit the action. The circuit court denied the motion, and the co-defendant timely appealed. Discerning no error, we affirm the circuit court's judgment.

### Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Circuit Court Affirmed; Case Remanded

THOMAS R. FRIERSON, II, J., delivered the opinion of the court, in which D. MICHAEL SWINEY, C.J., and JOHN W. MCCLARTY, J., joined.

Garrett E. Asher and Jennifer C. Surber, Nashville, Tennessee, for the appellant, Aaron Acor d/b/a Vertical Metals.

George R. Garrison, Sevierville, Tennessee, for the appellee, Greg Layman.

# OPINION

## I. Factual and Procedural Background

The plaintiff, Greg Layman, is a resident of Sevier County, Tennessee. Mr. Layman plants and harvests grain on several hundred acres of real property he owns. One of the co-defendants, Aaron Acor, holds title to real estate adjacent to Mr. Layman's land, upon which Mr. Acor operates a scrap metal business named Vertical Metals. Another co-defendant, Omnisource Corporation ("Omnisource"), owns scrap metal storage containers that are kept on Mr. Acor's property.[1]

In November 2013, Mr. Layman was harvesting grain when he ran over and struck a metal pipe on his property, causing significant damage to his combine. Mr. Layman filed suit against Mr. Acor, Vertical Metals, and Omnisource in Sevier County General Sessions Court, alleging that the metal pipe had fallen from Omnisource's storage containers onto Mr. Layman's property. The action in General Sessions Court resulted in a judgment for Mr. Layman in the amount of $15,626.57 plus interest and court costs against all three defendants.

Mr. Acor and Vertical Metals appealed the General Sessions Court judgment to the Sevier County Circuit Court ("the trial court"). Mr. Layman did not appeal the General Sessions Court judgment. Omnisource subsequently filed a motion seeking to set aside the General Sessions Court judgment due to insufficient service of process. The judgment against Omnisource was set aside, and the General Sessions Court subsequently transferred that claim to the trial court for consolidation with the claims against Mr. Acor and Vertical Metals.

Mr. Layman filed an amended complaint in the trial court against Mr. Acor d/b/a Vertical Metals (collectively, "Mr. Acor") and Omnisource, which contained new allegations and an increased *ad damnum* in the amount of $162,605.73. Mr. Acor and Omnisource each respectively filed answers denying liability. Thereafter, Mr. Layman presented to the trial court a proposed Order of Non-suit, seeking voluntary dismissal of his action. This order was signed by the trial judge on December 20, 2014.

Mr. Acor, claiming to have received no notice of the Order of Non-suit until twenty-six days after its entry, subsequently filed a motion seeking to alter or amend the judgment. Mr. Acor alleged that because the appeal from General Sessions Court was filed by him and not by Mr. Layman, the trial court should not have allowed Mr. Layman to request and be granted a voluntary nonsuit. The court denied the motion to alter or amend. Mr. Acor timely appealed.

---

[1] Omnisource is not a party to this appeal.

## II. Issues Presented

Mr. Acor presents the following issues for our review, which we have restated slightly:

1.    Whether the trial court erred by allowing Mr. Layman to voluntarily dismiss the lawsuit following Mr. Acor's appeal from the General Sessions Court judgment.

2.    Whether the trial court erred by declining to grant Mr. Acor's motion to alter or amend the court's order.

## III. Standard of Review

As our Supreme Court has explained:

Appeals from the general sessions court are governed by statute, *see* Tenn. Code Ann. §§ 27-5-101 to -108 (2000 & Supp. 2010), and by the Tennessee Rules of Civil Procedure. Tenn. R. Civ. P. 1(2) ("The rules shall apply after appeal or transfer of a general sessions civil lawsuit to circuit court."). The application of a statute or the Tennessee Rules of Civil Procedure to the facts of a case is a question of law, which we review de novo. *Larsen-Ball v. Ball,* 301 S.W.3d 228, 232 (Tenn. 2010); *see Thomas v. Oldfield,* 279 S.W.3d 259, 261 (Tenn. 2009).

*Crowley v. Thomas*, 343 S.W.3d 32, 34 (Tenn. 2011).

Regarding the right of appeal from a general sessions court judgment, Tennessee Code Annotated § 27-5-108 (Supp. 2015) provides in pertinent part:

(a)(1) Any party may appeal from a decision of the general sessions court to the circuit court of the county within a period of ten (10) days on complying with the provisions of this chapter.

* * *

(c) Any appeal shall be heard de novo in the circuit court.

3

In addition, Tennessee Code Annotated § 27-5-107 (2000) provides:

> If the papers are properly returned, and the appellant fails to appear or defend as above, or if the appeal is dismissed for any cause, the appellee is entitled to an affirmance of the judgment below, with costs.

With respect to a motion to alter or amend, this Court has previously explained that "[w]e review a trial court's denial of a Tenn. R. Civ. P. 59.04 motion to alter or amend a judgment for abuse of discretion." *Robinson v. Currey*, 153 S.W.3d 32, 38 (Tenn. Ct. App. 2004) (quoting *Chambliss v. Stohler,* 124 S.W.3d 116, 120 (Tenn. Ct. App. 2003)).

### IV. Voluntary Nonsuit Following Appeal

Mr. Acor argues that the trial court erred in allowing Mr. Layman to take a voluntary nonsuit following the appeal from General Sessions Court to Circuit Court because the appeal was filed by Mr. Acor rather than Mr. Layman. Mr. Layman asserts that there is clear precedent allowing a plaintiff to nonsuit his or her lawsuit following an appeal from a general sessions court. *See Kirby v. Cramer,* 410 S.W.2d 724, 725 (Tenn. 1967); *Katz v. Bilsky*, 759 S.W.2d 420, 422 (Tenn. Ct. App. 1988). Mr. Acor contends, however, that *Kirby* and *Katz* are not controlling in this case because in both of those actions, it was the plaintiff who appealed from the general sessions court judgment rather than the defendant. According to Mr. Acor, because Mr. Layman did not appeal the General Sessions Court judgment, he should not be allowed to voluntarily nonsuit the action and "cut off" Mr. Acor's right of appeal.

A superb explanation of the legal authority applicable to this issue can be found in the Supreme Court's opinion in *Crowley v. Thomas*, 343 S.W.3d at 34-35. In *Crowley*, the plaintiff, Mr. Crowley, filed suit in a general sessions court and obtained a judgment. *Id*. The defendant, Ms. Thomas, appealed that judgment to the circuit court. *Id*. Following such appeal, Mr. Crowley amended his complaint to seek additional damages. *Id*. Ms. Thomas subsequently dismissed her appeal before it was heard. *Id*. The circuit court thus affirmed the general sessions court judgment pursuant to Tennessee Code Annotated § 27-5-107 and found no conflict with Tennessee Code Annotated § 28-1-105 (the savings statute). *Id*. The Supreme Court affirmed the trial court's action, explaining that:

> Section 27-5-107 governs the result of the dismissal of an appeal from the general sessions court. This section states that "if the appeal is dismissed for any cause, the appellee is entitled to an affirmance of the judgment below, with costs." We have held that the circuit court must

4

affirm a judgment of the general sessions court when the defendant dismisses the appeal. *See C.B. Donaghy & Co. v. McCorkle,* 118 Tenn. 73, 98 S.W. 1050, 1051 (1907) (citing Shannon's Code § 4876 (later codified as Tenn. Code Ann. § 27-5-107)) (discussing a defendant's dismissal of its appeal from the judgment of a justice of the peace); *cf. Gill v. State Farm Ins. Co.,* 958 S.W.2d 350, 351-52 (Tenn. Ct. App. 1997) (affirming the circuit court's dismissal of the defendant's appeal from the judgment of the general sessions court over the plaintiff's objection).

In contrast, we have held that a plaintiff's dismissal or "nonsuit" of an appeal from a general sessions judgment does not require an affirmance of the judgment. *Kirby v. Cramer,* 219 Tenn. 447, 410 S.W.2d 724, 725 (1967) (per curiam). We observed in *Kirby* that holding otherwise would require us to ignore the "inconclusive dismissal statute," 410 S.W.2d at 725, now codified at Tennessee Code Annotated section 28-1-105 (2000) and known as the "saving statute." *McGee v. Jacobs,* 236 S.W.3d 162, 165 (Tenn. Ct. App. 2007). The saving statute permits a plaintiff who commenced an action within the applicable statute of limitations to nonsuit the cause of action and refile it in the trial court within one year of the order of dismissal. *Frazier v. E. Tenn. Baptist Hosp.,* 55 S.W.3d 925, 927-28 (Tenn. 2001); *Cronin v. Howe,* 906 S.W.2d 910, 913 (Tenn. 1995).

A defendant appealing a general sessions judgment is in a different posture. *Katz v. Bilsky,* 759 S.W.2d 420, 422 (Tenn. Ct. App. 1988) (citing *Thornhill v. Hargreaves,* 76 Neb. 582, 107 N.W. 847, 849 (1906)). A defendant's appeal to the circuit court is simply a continuation of the defendant's opposition to the plaintiff's civil warrant initiated in the general sessions court. The circuit court's application of section 27-5-107 to affirm the judgment of the general sessions court following the dismissal of the defendant's appeal creates no conflict with the saving statute. The saving statute is not implicated because the defendant has no cause of action to refile within one year of the order of dismissal.

Nor does the application of Tennessee Code Annotated section 27-5-107 conflict with our decision in *Ware v. Meharry Medical College,* 898 S.W.2d 181, 184 (Tenn. 1995) (holding that an appeal from the general sessions court provides an opportunity for a new trial in the circuit court as if the case had originated in the circuit court). At the time of Ms. Thomas's appeal, Tennessee Code Annotated section 27-5-108(a) stated, "Any party may appeal from an adverse decision of the general sessions court to the circuit court of the county within a period of ten (10) days on complying

5

with the provisions of this chapter." To perfect an appeal in compliance with the provisions of the chapter, a party must file timely notice of appeal, Tenn. Code Ann. § 27-5-108(a), (b), and file either an appeal bond or an affidavit of indigency, Tenn. Code Ann. § 27-5-103(a). Section 27-5-108(c) provides that "[a]ny appeal shall be heard de novo in the circuit court."

Mr. Crowley could have appealed the $14,500 judgment in his favor because the general sessions judgment was less than the amount he requested and was therefore "adverse" to him. *See Benson v. Herbst,* 240 S.W.3d 235, 240 (Tenn. Ct. App. 2007) (applying section 27-5-108(a) prior to the statute's 2008 amendment). He did not appeal the judgment, and his cause of action proceeded to the circuit court only by virtue of Ms. Thomas's appeal. While Ms. Thomas's appeal was pending, Mr. Crowley was free to amend his complaint. Tenn. Code Ann. § 16-15-729 (2009). Ms. Thomas, however, could dismiss the appeal without the consent and over the objection of Mr. Crowley. *Gill*, 958 S.W.2d at 351; Lawrence A. Pivnick, *Tennessee Circuit Court Practice,* § 3:11 (2011 ed.). The dismissal of Ms. Thomas's appeal removed the case from the circuit court and was fatal to Mr. Crowley's amended cause of action.

*Crowley*, 343 S.W.3d at 34-35.

*Kirby* and *Katz* both involve a situation wherein the plaintiff, unsatisfied with the general sessions court judgment, appealed to the circuit court and subsequently nonsuited the case. *See Kirby,* 410 S.W.2d at 725; *Katz*, 759 S.W.2d at 422. In both instances, the court allowed the nonsuit but did not affirm the judgment of the general sessions court in accordance with Tennessee Code Annotated § 27-5-107, determining that to do so would violate the savings statute. In *Katz*, this Court explained that there is a "distinction between dismissing an appeal and taking a voluntary dismissal after an appeal has been perfected," for the purposes of Tennessee Code Annotated § 27-5-107's language regarding the dismissal of an appeal from general sessions resulting in affirmance of the general sessions judgment. *Katz*, 759 S.W.2d at 422. In stating that the plaintiff could nonsuit his or her case, *Kirby* and *Katz* did not, however, draw any distinction between whether the appeal from general sessions court was taken by the plaintiff or the defendant. Moreover, our examination of the precedent on this issue reveals no basis for such a distinction. Tennessee Rule of Civil Procedure 41 allows a plaintiff to take a voluntary nonsuit "at any time before the trial of a cause." There exists no Tennessee authority for holding that a plaintiff cannot nonsuit his action in circuit court simply because he was not the party who filed the appeal from general sessions court. In fact, there is clear authority to the contrary.

In the case of *Morford v. Cho*, 732 S.W.2d 617, 618 (Tenn. Ct. App. 1987), *perm. app. denied* (Tenn. Jun. 15, 1987), the plaintiff filed a personal injury suit in general sessions court regarding a car accident and was awarded a default judgment against the defendant in the amount of $9,000. The defendant appealed the judgment to the circuit court. *Id.* Shortly thereafter, Tennessee Code Annotated § 28-1-105, the savings statute, was amended to provide that actions originally commenced in general sessions court and later recommenced in circuit or chancery court were not subject to the monetary jurisdictional limits imposed in general sessions court. *Id.* The plaintiff then took a voluntary nonsuit of the action pending in circuit court pursuant to Tennessee Rule of Civil Procedure 41.01, subsequently refiling the action in circuit court with an *ad damnum* of $300,000. *Id.* The defendant moved to limit the plaintiff's damages to $10,000, which was the jurisdictional limit of the general sessions court at that time. *Id.* The trial court granted the motion. *Id.*

On appeal, the *Morford* Court considered the issue of whether the amendment to the savings statute could be applied retroactively so as to allow the plaintiff to refile her lawsuit in circuit court and seek damages in excess of the monetary jurisdictional limit of the general sessions court. *See Morford*, 732 S.W.2d at 619. This Court held that the statutory amendment could be applied retroactively, thus reversing the trial court's order limiting the plaintiff's damages. *Id.* at 621. Although the dispositive issue in *Morford* dealt with the retroactive application of a statutory amendment, we note that neither this Court nor the trial court determined that the plaintiff in that action could not take a voluntary nonsuit of her action simply because she was originally the plaintiff and did not appeal the judgment of the general sessions court. *Id.* In fact, Tennessee Rule of Civil Procedure 41.01 expressly provides that "the plaintiff shall have the right to take a voluntary nonsuit to dismiss an action without prejudice . . . at any time before the trial of a cause . . . ." (emphasis added). There is no limitation contained within Tennessee Rule of Civil Procedure 41.01 regarding actions originally filed in general sessions court that have been appealed to circuit court by the defendant.

Furthermore, our Supreme Court has instructed that following an appeal from general sessions court to circuit court, the action should be treated as if it were originally filed in circuit court. *See Ware v. Meharry Med. Coll.*, 898 S.W.2d 181, 185-86 (Tenn. 1995). If Mr. Layman had originally filed the instant action in Circuit Court, without question he would be permitted to take a voluntary nonsuit pursuant to Tennessee Rule of Civil Procedure 41. Mr. Acor insists that it is inequitable to allow Mr. Layman to take a voluntary nonsuit in this matter. Mr. Acor argues that such a nonsuit allows Mr. Layman to avoid the risk that the defendant might dismiss his appeal, resulting in affirmation of the General Sessions judgment without an opportunity for Mr. Layman to seek increased damages. This argument ignores the fact that by taking a voluntary nonsuit, Mr. Layman

effectively has no judgment and must embrace the risk that even should he refile his claim, he may ultimately not receive a judgment in his favor.

Mr. Acor also suggests that allowing Mr. Layman to nonsuit the action and then potentially refile his claim in Circuit Court, seeking a larger amount of damages, is unfair because he did not appeal the general sessions judgment. This argument overlooks the plain language of the savings statute, which specifically provides that "[a]ctions originally commenced in general sessions court and subsequently recommenced pursuant to this section in circuit or chancery court shall not be subject to the monetary jurisdictional limit originally imposed in the general sessions court." *See* Tenn. Code Ann. § 28-1-105. This statute provides no exception for an action that was nonsuited after being appealed to a circuit court by the defendant. We conclude that the trial court properly allowed Mr. Layman to nonsuit his action pending in Circuit Court.

## V. Motion to Alter or Amend

Mr. Acor's arguments regarding the trial court's declining to grant his motion to alter or amend are, in essence, the same arguments he makes with regard to the voluntary nonsuit issue. We, therefore, determine that the trial court did not abuse its discretion in denying this motion. As our Supreme Court has explained:

> A trial court abuses its discretion only when it "applie[s] an incorrect legal standard, or reache[s] a decision which is against logic or reasoning that cause[s] an injustice to the party complaining." *State v. Shirley,* 6 S.W.3d 243, 247 (Tenn. 1999). The abuse of discretion standard does not permit the appellate court to substitute its judgment for that of the trial court. *Myint v. Allstate Ins. Co.,* 970 S.W.2d 920, 927 (Tenn. 1998).

*Eldridge v. Eldridge*, 42 S.W.3d 82, 85 (Tenn. 2001).

## VI. Conclusion

For the foregoing reasons, we affirm the trial court's judgment. Costs on appeal are taxed to the appellee, Aaron Acor d/b/a Vertical Metals. This case is remanded to the trial court for collection of costs assessed below.

_____
THOMAS R. FRIERSON, II, JUDGE