Joseph Edward CUMMINGS, Appellant,

v.

Ronal R. CUMMINGS and Seldon Field Cummings, Appellees.

No. 04–95–00479–CV.

Court of Appeals of Texas, San Antonio.

May 8, 1996.

Richard D. Harrell, San Antonio, for Appellant.

---

David W. Wallace, Wallace Law Offices, Sonora, Appellees.

Before LÓPEZ, STONE and DUNCAN, JJ.

## OPINION

STONE, Justice.

This appeal presents the issue of whether the language of a bank signature card establishes as a matter of law the intent of the signatory to open an individual account rather than a payable on death account. The trial court specifically found that the account in question was an individual account, as evidenced by the language on the signature card, and rendered summary judgment that funds in the account were assets of the signatory's estate. Appellant contends the trial court erred in granting summary judgment because: 1) limitations had run on appellees' claims; 2) the "Family Agreement" entered into by appellant and appellees was not a promise by appellant to divide the sums on account at the Plaza National Bank; and 3) a fact question was created by an ambiguity on the signature card as to whether the Plaza National Bank account was an individual or payable on death account. We sustain appellant's third point of error, and reverse and remand this cause to the trial court for further proceedings. We do not address appellant's first and second points of error because we find that their outcome depends upon the classification of the Plaza National Bank account.

Norval Seldon Cummings ("Decedent") and his wife, Vernalu, executed joint and mutual wills. Decedent, who was predeceased by his wife, died in February 1987. The couple had three sons, and apparently named Joseph Edward Cummings ("appellant") as executor. His two brothers, Ronal R. Cummings and Seldon Field Cummings ("appellees"), filed a will contest. Appellant and appellees signed an agreed judgment entitled "Compromise Settlement Agreement—Family Agreement" in settlement of the will contest where they agreed to a division of their parents' estates. Appellees later filed suit against appellant claiming that appellant's failure to divide $23,240.67 that he received from the Plaza National Bank account was a breach of contract, that is, it breached the family agreement. Appellant claims he did not breach the family agreement because the account was a payable on death ("P.O.D.") account, and therefore, passed outside of the estate.

The account in question was opened by Decedent at Plaza National Bank in Del Rio. Under the heading "TYPE OF ACCOUNT—PERSONAL," the account signature card had an "X" marked in the box entitled "INDIVIDUAL." The box entitled "PAY ON DEATH (BENEFICIARIES NAMED HEREIN)" did not contain an "X." However, appellant's name was listed in a larger box entitled "TRUST OR PAY ON DEATH BENEFICIARY DESIGNATION." As previously noted, the trial court specifically found that the account was an individual account and not a P.O.D.

■ Appellees, as the summary judgment movants, have the burden of showing that no genuine issue of material fact exists and that they are entitled to judgment as a matter of law. TEX.R.CIV.P. 166a(c); *Nixon v. Mr. Property Management Co.*, 690 S.W.2d 546, 548 (Tex.1985); *Swilley v. Hughes*, 488 S.W.2d 64, 67 (Tex.1972). Appellees claim they met their summary judgment burden because Decedent's intent to open an individual account is shown from the bank records alone, without reference to any arbitrary rules of construction. Appellees claim that Decedent's actual intent as expressed in the instrument as a whole governs the classification of the account rather than the actual intent of the testator. In support of this argument, appellees rely on *Luckel v. White*, 819 S.W.2d 459, 462 (Tex.1991). *Luckel* discussed mineral deeds, and while it may be instructional, it is not controlling in the instant case.

As part of their argument that Decedent's intent is clearly expressed in the document, appellees point to language on the back of the signature card which reads:

AGREEMENT—The following terms will govern the operation of this account unless clearly varied in writing or typing in this

form or in a separate written agreement . . .

OWNERSHIP OF ACCOUNT—The following provisions explain the rules applicable to this account depending on the form of ownership specified on the reverse side. Only the portion corresponding to the form of ownership will apply. Individual Account—Such account is issued to one person who does not intend (merely by opening this account) to create any survivorship rights in any other person. . . . Trust Account and Pay on Death Account—The person creating either of these account types intends that any named beneficiary acquires the right to withdraw from this account only if (1) the person creating the account dies, and (2) the beneficiary is then living. . . .

Appellees argue that because Decedent only marked "Individual" under the type of account heading, he did "not intend (merely by opening this account) to create any survivorship rights in any other person." Nonetheless, the ownership of the account is not clearly indicated on the signature card. While there is an "X" in the box entitled "INDIVIDUAL" (which is under the heading "TYPE OF ACCOUNT—PERSONAL" and not "TYPE OF OWNERSHIP"), appellant's name is also referenced in a larger box entitled "TRUST OR PAY ON DEATH BENEFICIARY DESIGNATION." Although appellees claim Decedent intended to create an individual account and *not* a P.O.D., the "intent" appellees claim existed when Decedent opened the account is inconsistent with Decedent's designation of appellant in the box entitled "TRUST OR PAY ON DEATH BENEFICIARY DESIGNATION." It is quite possible that Decedent intended to create *both* an individual and a P.O.D. account. At best, the signature card is ambiguous. It cannot be said that Decedent's intent is clearly or unambiguously expressed in the instrument. Decedent's intent to create an individual versus a pay on death account constitutes a disputed issue of material fact.

In deciding whether a disputed material fact issue precludes summary judgment, the reviewing court will take as true all evidence favoring the non-movant. *Nixon*, 690 S.W.2d at 548–49; *Montgomery v. Kennedy*, 669 S.W.2d 309, 311 (Tex.1984). Every reasonable inference from the evidence will be indulged in favor of the non-movant, and any doubts will be resolved in its favor. *Nixon*, 690 S.W.2d at 549; *Montgomery*, 669 S.W.2d at 311. Viewing the evidence in the light most favorable to appellant, the non-movant, we find that a material fact issue exists which precludes this Court from affirming the summary judgment.

We note the cases which discuss summary judgments based upon signature cards; however, these cases involve joint tenancy with right of survivorship accounts rather than P.O.D. accounts. *Stauffer v. Henderson*, 801 S.W.2d 858 (Tex.1990); *Banks v. Browning*, 873 S.W.2d 763, 765 (Tex.App.—Fort Worth 1994, writ denied); *Ephran v. Frazier*, 840 S.W.2d 81, 83 (Tex.App.—Corpus Christi 1992, no writ); *Kitchen v. Sawyer*, 814 S.W.2d 798 (Tex.App.—Dallas 1991, writ denied). The Supreme Court and the Texas Legislature have clearly spoken on the law of joint tenancies with rights of survivorship. *Stauffer v. Henderson*, 801 S.W.2d at 862; Tex.Prob.Code Ann. § 439(a) (Vernon 1980). Not only has the Legislature made a written agreement both necessary and sufficient for a right of survivorship in a joint account, it has also specified language to meet these requirements. *Stauffer v. Henderson*, 801 S.W.2d at 862. At the time this account was created, however, there was no requirement of a written P.O.D. agreement. *See*, Tex. Prob.Code Ann. § 439(b)(Vernon 1980) *amended by* Acts 1993, 73rd Leg., ch. 846 § 26, eff. Sept. 1, 1993. Therefore, there could be a fact issue as to the existence of a P.O.D. agreement. *Cf. Krueger v. Williams*, 163 Tex. 545, 359 S.W.2d 48, 51–52 (1962). This is not the case with P.O.D. accounts.[1] We have been unable to find any cases dealing with P.O.D. accounts which are on point,

---

1. Neither section 439(a) nor the current version of section 439(b) of the Texas Probate Code applies to the situation at hand. Section 439(a) pertains to rights of survivorship in joint accounts. Further, the instant account is dated 1986 while the effective date of section 439(a) was August 31, 1987 and the effective date of section 439(b) was September 1993.

nor have either of the parties cited us to such authority.

In light of the absence of specific case law or statutory dictates requiring specific language to create a P.O.D., we find that appellees did not meet their burden of showing that no genuine issue of material fact exists. We sustain appellant's third point of error. We do not address appellant's first and second points of error because we find that their outcome depends upon the classification of the Plaza National Bank account.

The judgment of the trial court is reversed and remanded for further proceedings in accordance with this opinion.