**STATE of Tennessee**

v.

**Marcus MORROW.**

Supreme Court of Tennessee,
at Nashville.

Jan. 11, 2002.

Christopher L. Dunn, Columbia, Tennessee, for the Appellant, Marcus L. Morrow.

Paul G. Summers, Attorney General and Reporter; Michael E. Moore, Solicitor General; and David H. Findley, Assistant Attorney General, for the Appellee, State of Tennessee.

## OPINION

JANICE M. HOLDER, Justice.

We granted this appeal to determine whether Tenn.Code Ann. § 41–2–128 authorizes a court other than a general sessions court to grant work release to a defendant convicted of driving under the influence of an intoxicant (DUI), second offense. We hold that Tenn.Code Ann. § 41–2–128 does not permit a circuit court to grant work release to DUI second offenders during the forty-five-day minimum mandatory sentence. The holding of the Court of Criminal Appeals is affirmed. The case is remanded to the trial court for proceedings consistent with this opinion.

## FACTS AND PROCEDURAL HISTORY

On July 21, 1999, the defendant, Marcus Morrow, was convicted in the circuit court of Maury County of DUI, second offense, and for violation of the open container law. He received a combined fine of $650 for the two convictions. He was also sentenced to eleven months and twenty-nine days in the Maury County jail for the DUI, second offense, conviction. The circuit court ordered the defendant to serve the mandatory minimum sentence of forty-five days in the county jail, pursuant to Tenn.Code Ann. § 55–10–403(a)(1) (1998).[1] The defendant was required to serve the remainder of the sentence on probation.

On September 13, 1999, the defendant filed a motion in the circuit court of Maury County requesting a grant of work release under Tenn.Code Ann. § 41–2–128 (1997) for the forty-five days to be served. The circuit court granted the defendant's motion. The State appealed to the Court of Criminal Appeals. The Court of Criminal Appeals reversed, holding that a circuit court does not have the authority under Tenn.Code Ann. § 41–2–128 to grant work release to persons convicted of DUI, second offense, before the expiration of the minimum period of confinement and without an application by the sheriff. We granted appeal.

## ANALYSIS

### I. Authority of the Circuit Court to Grant Work Release

The defendant argues that Tenn.Code Ann. § 41–2–128 authorizes a circuit court to grant work release to a DUI second offender.[2] The State maintains that Tenn.

---

1. Section 55–10–403(a)(1) provides that upon a defendant's conviction for second offense DUI, "a fine of not less than six hundred dollars ($600) nor more than three thousand five hundred dollars ($3,500) [shall be assessed], and ... [confinement] for not less than forty-five (45) days nor more than eleven (11) months and twenty-nine (29) days [shall be ordered]...." Tenn.Code Ann. § 55–10–403(a)(1) (1998).

2. The defendant also argues that the authority of the circuit court is usurped by the general sessions court if the circuit court cannot grant work release. This argument is without merit. The legislature may establish inferior courts with general, special, or limited jurisdiction within a county or locality. *State ex rel. Ward v. Murrell*, 169 Tenn. 688, 90 S.W.2d 945, 946 (1936); Tenn. Const. art. VI, § 1. It is, therefore, within the authority of the legis-

Code Ann. § 41–2–128 permits only a general sessions judge or other specified county personnel to grant work release. Section 41–2–128 of the Tennessee Code Annotated provides in pertinent part that

> (a) Whenever any person has been sentenced to undergo imprisonment in a county workhouse, hereafter referred to as "workhouse," for the commission of a crime defined as a misdemeanor by the laws of the state of Tennessee, the county board of commissioners, if such there be, *otherwise the court of general sessions,* upon application made therefor by the warden, superintendent, prison keeper or other administrative head of a workhouse, may by order direct the warden, superintendent, prison keeper or other administrative head of a workhouse to permit the prisoner to leave the workhouse during necessary and reasonable hours for the purpose of working at the prisoner's employment, . . . . Similarly, *the court of general sessions may, upon application of the sheriff,* enter a like order for the same purpose for jail prisoners.
> . . . .
> (c)(1) Notwithstanding the provisions of this section, § 55–10–403(a)(1) [the DUI sentencing statute] . . . to the contrary, *the judge* may sentence persons convicted of a second violation of § 55–10–401[3] . . ., to the work release program established pursuant to this section if, prior to doing so, [certain conditions are met]. . . .

Tenn.Code Ann. § 41–2–128 (1997) (emphasis added).

Issues of statutory construction are questions of law, which are reviewed de novo without a presumption of correctness. *Freeman v. Marco Transp. Co.,* 27 S.W.3d 909, 911 (Tenn.2000). A statute should be interpreted to preclude any part from being "inoperative, superfluous, void or insignificant . . . in order to carry out the legislative intent." *Tidwell v. Collins,* 522 S.W.2d 674, 676–77 (Tenn.1975). "The legislative intent and purpose are to be ascertained primarily from the natural and ordinary meaning of the statutory language, without a forced or subtle interpretation that would limit or extend the statute's application." *State v. Blackstock,* 19 S.W.3d 200, 210 (Tenn.2000) (citing *State v. Pettus,* 986 S.W.2d 540, 544 (Tenn.1999)). A court, however, must ascertain the intent "without unduly restricting or expanding the statute's coverage beyond its intended scope." *State v. Sliger,* 846 S.W.2d 262, 263 (Tenn.1993). With these principles in mind, we now examine Tenn.Code Ann. § 41–2–128.

The language of Tenn.Code Ann. § 41–2–128(a) states that "the court of general sessions may, upon application of the sheriff," grant work release to jail prisoners. The statute continues in part (c)(1) to state that "[n]otwithstanding the provisions of this section, [or] § 55–10–403(a)(1) . . . to the contrary, the judge" may grant work release to one convicted of a second offense DUI. The defendant maintains that the phrase "the judge" in Tenn.Code Ann. § 41–2–128(c)(1) encompasses circuit court judges. We must construe statutory segments "together in light of the general purpose and plan . . . and

---

lature to vest exclusive jurisdiction of a portion of the work release program in the general sessions court.

**3.** Section 55–10–401 of the Tennessee Code Annotated defines the offense of DUI. The

statute provides that it is unlawful for any person to drive or to be in physical control of a motor vehicle on any public road while under the influence of any intoxicant. Tenn. Code Ann. § 55–10–401 (1997).

object to be obtained." *Neff v. Cherokee Ins. Co.*, 704 S.W.2d 1, 3 (Tenn.1986).

Construing "the judge" in part (c)(1) to include a circuit court judge is inconsistent with the language of the statute as a whole. Part (a) references the general sessions court specifically. Part (c)(1) contains only a general reference to "the judge." Reading Tenn.Code Ann. § 41–2–128(c)(1) in conjunction with part (a) indicates that the legislature intended the specification of a general sessions court judge in Tenn.Code Ann. § 41–2–128(a) to apply to part (c)(1). To construe the statute otherwise would require a forced construction to expand the term "the judge" to encompass judges other than general sessions judges referenced in part (a).

This construction of Tenn.Code Ann. § 41–2–128 is further supported by a review of the legislative history of the work release program. The work release program was established in 1967 in Chapter 259 of the Public Acts. Section 41–1238 of the Tennessee Code Annotated authorized "the County Board of Commissioners, if such there be, otherwise *the County Court*" to grant a prisoner work release. Tenn.Code Ann. § 41–1238 (1967) (emphasis added).

■ "Court of general sessions" replaced "county court" in Tenn.Code Ann. § 41–1238. Tenn.Code Ann. § 41–1238 (Supp.1980). A court of general sessions is a county court. *State ex rel. Winstead v. Moody*, 596 S.W.2d 811 (Tenn.1980) (holding that the general sessions court is a county rather than a state office). Part (c) was added to Tenn.Code Ann. § 41–1238 in 1990. 1990 Tenn. Pub. Acts, ch. 1065, § 1. Part (c) uses the term "the judge." Nothing, however, in part (c) evidences a legislative intent to expand from county to state courts the authority to grant work release to DUI second offenders. We hold, therefore, that Tenn.Code Ann. § 41–2–128 does not authorize a circuit court to grant work release to a DUI second offender before the completion of the mandatory minimum sentence.[4]

## II. *Right to a Jury Trial*

The defendant further contends that the right to a jury trial, provided by Tenn. Const. Art. I, § 6, is violated if Tenn. Code Ann. § 41–2–128 restricts the circuit court from granting work release. Section 40–1–109 of the Tennessee Code Annotated vests the general sessions court with the jurisdiction to try all misdemeanor cases brought before the court by warrant or information. The defendant must, however, "expressly waive[] . . . [a] jury trial" to be tried in a general sessions court. Tenn.Code Ann. § 40–1–109 (2000). Otherwise, the defendant will be tried in either a circuit or criminal court. In the circuit or criminal court, the defendant is entitled to a jury trial unless the right is waived.

■ The defendant alleges that the effect of prohibiting the circuit court from granting work release is that the right to a jury trial must be forfeited in order to seek work release. A knowing and intelligent waiver of a jury trial, however, may be based upon the availability of a particular sentence. *See State v. Leath*, 977

---

4. Section 40–35–315 of the Tennessee Code Annotated states that "the *sentencing court* shall have jurisdiction to order work release as a part of a sentence, either at the time of sentencing or as a part of any subsequent sentence modification. . . . This section shall apply to convictions under § 55–10–401 *after* the mandatory minimum sentences have been served." (2000) (emphasis added). The legislature, therefore, authorizes courts other than general sessions courts to grant work release to DUI, second offenders, but only after the defendant has served the forty-five-day mandatory minimum sentence.

S.W.2d 132 (Tenn.Crim.App.1998). A defendant may plead guilty and waive the right to jury trial. The defendant thereby has the opportunity of receiving a more favorable sentence than would have been received after a jury verdict and sentencing. The defendant's efforts to obtain a more favorable sentence, if knowing and voluntary, do not violate the defendant's right to a jury trial. *See id.*

A defendant who chooses to proceed in general sessions court faces a similar choice and a similar benefit. If the defendant waives a trial by jury, the defendant may proceed in general sessions court in an effort to receive a more favorable sentence. The general sessions court may consider work release for the mandatory minimum sentence. On the other hand, the defendant may choose a jury trial and forfeit an opportunity for a more appealing sentence. Allowing that choice, like allowing the choice of a guilty plea, is not a violation of the right to a jury trial.

### CONCLUSION

We hold that Tenn.Code Ann. § 41–2–128 authorizes only the general sessions court to grant work release to a DUI second offender during the forty-five-day mandatory minimum sentence. Because the right to a jury trial may be waived, our construction of Tenn.Code Ann. § 41–2–128 does not violate the defendant's constitutional right to a jury trial. The holding of the Court of Criminal Appeals is affirmed, and the case is remanded to the trial court for proceedings consistent with this opinion. Costs of this appeal are assessed to the appellant, Marcus Morrow, for which execution may issue if necessary.