IN THE COURT OF APPEALS OF TENNESSEE
AT NASHVILLE
August 6, 2002 Session

## RONALD G. MOORE v. AVERITT EXPRESS, INC., ET AL.

**Direct Appeal from the Circuit Court for Davidson County**
**No. 00C-2626      Thomas W. Brothers, Judge**

_____

**No. M2001-02502-COA-R3-CV - Filed October 11, 2002**

_____

Plaintiff was a former state employee and newly hired employee of Averitt when he was terminated by Averitt due to statements he made alleging illegal conduct of state officials. Plaintiff made the statements to the press prior to being hired by Averitt. Plaintiff filed suit alleging statutory and common law retaliatory discharge. The trial court dismissed the action. We affirm.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Circuit Court Affirmed; and Remanded**

DAVID R. FARMER, J., delivered the opinion of the court, in which ALAN E. HIGHERS and HOLLY K. LILLARD, J.J., joined.

Clint W. Watkins, Brentwood, Tennessee, for the appellant, Ronald G. Moore.

C. Eric Stevens and James P. Daniel, Nashville, Tennessee, for the appellees, Averitt Express, Inc. and Averitt Air Charter, Inc.

### OPINION

The facts as recited in Mr. Moore's complaint and relevant to our review of this cause of action are undisputed. Plaintiff Ronald Moore is a retired Air Force Colonel who worked as a pilot for the State of Tennessee from April of 1999 until he resigned in October of 1999. On January 12, 2000, Mr. Moore gave a taped interview to Channel 2 News in which he alleged that state officials were using state aircraft for personal use. The interview aired on February 16 and 17, 2000, as part of a report on government spending.

During January of 2000, Mr. Moore also completed the application and interview process for a position as a pilot with Averitt Express, Inc. and Averitt Air Charter, Inc. ("Averitt"). On January 17, he accepted a position as a pilot with Averitt. Mr. Moore's first flight for Averitt was scheduled for February 17, the night the second segment of the taped interview was televised. This flight was canceled. On February 18, Averitt terminated Mr. Moore.

In its termination letter to Mr. Moore, Averitt raised confidentiality concerns as its reasons for termination. Averitt emphasized that its clients expected confidential services, and stated its belief that Mr. Moore's televised interview would "jeopardize the company's relationships with both current and potential future clients." Averitt stated, "You have publicly discussed what our clients would consider to be private matters if it pertained to them … Clients preferring privacy will not want to see that their pilot was the one publicly discussing earlier flights."

Mr. Moore filed suit against Averitt in September of 2000, alleging that Averitt terminated him in violation of the Public Protection Act as codified at Tenn. Code Ann. § 50-1-304, Tennessee's "whistle-blower" statute. Mr. Moore additionally asserted a cause of action for common law retaliatory discharge. The trial court found that Mr. Moore failed to meet the criteria required for either a common law or statutory retaliatory discharge action and dismissed the cause.[1] This appeal followed.

### Issues Presented

The issues presented by Mr. Moore for review by this Court are:

I.     Did the conduct of state officials that Mr. Moore reported to the citizenry of Tennessee, through the news media, constitute a felony under Tennessee law, the public reporting of which served the interest of the public?

II.    Did the trial court [err] by dismissing Mr. Moore's common law retaliatory discharge claim?

        (A) Did Moore's termination violate a clear and unambiguous pubic policy of the State of Tennessee?

        (B) Did the fact that Mr. Moore's public reporting of unlawful activity occurred prior to his being employed by Averitt, serve to defeat [his] common law retaliatory discharge claim?

III.   Did the trial court [err] in dismissing Moore's retaliatory discharge claim under Tenn. Code Ann. § 50-1-304?

---

[1]Mr. Moore characterizes the judgment of the trial court as a dismissal pursuant to Tenn. R. Civ. P. 12.02(6). Averitt characterizes the judgment as a rule 56 award of summary judgment. The trial court characterizes its judgment as granting Averitt's motion to reconsider or vacate the court's previous dismissal of Averitt's motion to dismiss, and orders Mr. Moore's claim dismissed. Since the facts in this case are undisputed, and since the judgment of the trial court and the issues for review here rest entirely on issues of law, our review of the court's judgment on this issue is de novo with no presumption of correctness in either case. Upon review of the procedural history and the court's order, we are satisfied that the court granted Averitt's motion to dismiss and review the cause accordingly.

Averitt raises the following additional issues:

I.      Whether the plaintiff may rely, for purposes of this appeal, on the mere allegations in his amended complaint which were not supported before the court below in compliance with rule 56.06, Tennessee Rules of Civil Procedure?

II.     Whether the trial court properly granted summary judgment, dismissing Moore's common law retaliatory discharge claim.

III.    Whether the trial court properly granted summary judgment, dismissing Moore's retaliatory discharge claim under Tenn. Code Ann. § 50-1-304.

### *Standard of Review*

The issues raised by this appeal are issues of law. Our review of issues of law is *de novo*, with no presumption of correctness attached to the judgment of the trial court. Tenn. R. App. P. 13(d); *Bowden v. Ward*, 275 S.W.3d 913, 916 (Tenn. 2000). A rule 12.02(6), Tenn. R. Civ. P., motion to dismiss for failure to state a claim tests the legal sufficiency of the complaint itself. *Cook v. Spinnakers of Rivergate, Inc.,* 878 S.W.2d 934, 938 (Tenn. 1994). The grounds for such a motion is that the allegations of the complaint, if considered true, are not sufficient to constitute a cause of action as a matter of law. *Id.* A motion to dismiss should only be granted if "it appears that the plaintiff can establish no facts supporting the claim that would warrant relief." *Doe v. Sundquist*, 2 S.W.3d 919, 922 (Tenn. 1999). Accordingly, no presumption of correctness attaches to a trial court's ruling on a motion to dismiss. *Stein v. Davidson Hotel Co.*, 945 S.W.2d 714, 716 (Tenn. 1997).

When interpreting a legislative provision, this Court's primary objective is to effectuate the purpose of the legislature. *Lipscomb v. Doe*, 32 S.W.3d 840, 844 (Tenn. 2000). Insofar as possible, the intent of the legislature should be determined by the natural and ordinary meaning of the words used, and not by a construction that is forced or which limits or extends the meaning. *Id.* Likewise, the Court must seek to ascertain the intended scope, neither extending nor restricting that intended by the legislature. *State v. Morrow*, 75 S.W.3d 919, 921 (Tenn. 2002) (citing *State v. Sliger,* 846 S.W.2d 262, 263 (Tenn. 1993)). Our interpretation must not render any part of a legislative act "inoperative, superfluous, void or insignificant." *Id.* (citing *Tidwell v. Collins*, 522 S.W.2d 674, 676-77 (Tenn. 1975)). Rather, we seek to give effect to the legislature's over-arching purpose. *Merrimack Mut. Fire Ins. Co. v. Batts*, 59 S.W.3d 142, 151 (Tenn. Ct. App. 2001). In so doing, we must interpret the statute involved reasonably, bearing in mind its objective, the harm it seeks

to avoid, and the purposes it seeks to promote. ***Voss v. Shelter Mut. Ins. Co.***, 958 S.W.2d 342, 345 (Tenn. Ct. App. 1997).

### *Retaliatory Discharge*

Tennessee recognizes both a common law tort and a statutory cause of action for retaliatory discharge. ***Guy v. Mutual of Omaha Ins. Co.***, 79 S.W.3d 528, 531 (Tenn. 2002). In order to succeed on a common law retaliatory discharge cause of action, the claimant must demonstrate that his whistle-blowing activity was a substantial factor in his termination. *Id.* The common law cause of action requires proof of (1) an employment-at-will relationship; (2) discharge of the employee; (3) "the reason for the discharge was that the employee attempted to exercise a statutory or constitutional right, or for any other reason which violates a clear public policy evidenced by an unambiguous constitutional, statutory, or regulatory provision." ***Crews v. Buckman Labs. Int'l***, 78 S.W.3d 852, 862 (Tenn. 2002). Under Tenn. Code Ann. § 50-1-304, Tennessee's "whistle-blower" statute enacted in 1990, a claimant must prove that he was discharged ***solely*** for refusing to participate in, or for refusing to remain silent about, illegal activities.[2] Tenn. Code Ann. § 50-1-304 (a)(1999).

The current case presents a set of unique facts. Assuming ***arguendo*** that Mr. Moore was discharged as a result of the statements he made to the press, and further assuming that the statements concerned activities which he believed in good faith to be illegal, can a cause of action be sustained where: (1) the activities reported were not those of the employer who discharged him? (2) the activities were not reported to either internal management, a law enforcement agency, or a regulatory agency, but to the press? and (3) the employee was not employed by the employer who discharged him at the time the activities were reported? The Tennessee Supreme Court appears to have answered the first question in the affirmative, at least insofar as the statutory cause of action is invoked, remarking in a footnote in ***Guy***:

> Nowhere in the plain language of the statute is it specified that the ***employer*** must have committed the illegal activities about which the plaintiff reported. Indeed, to so limit the scope of the statute would frustrate the statute's purpose to protect "actions which enhance the enforcement of our laws or expose unsafe conditions, or otherwise serve some singularly public purpose."

***Guy***, 79 S.W.3d at 536 (emphasis in the original)(quoting ***Wagner v. City of Globe***, 722 P.2d 250, 257 (Ariz. 1986)). As to the third circumstance, we now answer No. As this resolution of this issue is dispositive to this case, we leave consideration of the second issue for another day.

---

[2]Illegal activities are defined as: "activities which are in violation of the criminal or civil code of this state or the United States or any regulation intended to protect the public health, safety or welfare." Tenn. Code Ann. § 50-1-304(c) (1999).

The retaliatory discharge cause of action provides an exception to the employment-at-will doctrine, a doctrine which is firmly and historically embedded in this state. *Id.* at 535. An employee-at-will may be terminated for good cause, bad cause, or for no cause at all. *Id.*; *see also, Mason v. Seaton*, 942 S.W.2d 470, 474 (Tenn. 1997). In 1984, the supreme court restricted the application of the employment-at-will doctrine in situations where an employee was terminated in contravention of a well-established public policy. *Id.* (citing *Clanton v. Cain Sloan*, 677 S.W.2d 441, 444-45 (Tenn. 1984)). In *Chism v. Mid-South Milling Co.*, 762 S.W.2d 552, 555 (Tenn. 1988), the court recognized a cause of action where an at-will employee was discharged for refusing to remain silent about illegal activities. The objective of the exception was, and remains, to sanction employers who terminate employees in retaliation for the employee's refusal to assist in the perpetuation of illegal activities or activities which contravene a clear, certain, unambiguous public policy of this state as "evidenced by an unambiguous constitutional, statutory or regulatory provision," whether such assistance be by active participation or by silence. *Id.* The purpose of the cause of action is to "encourage the employee to protect the public interest." *Crews v. Buckman Labs, Int'l*, 78 S.W.3d 852, 860 (Tenn. 2002). Tennessee Code Annotated § 50-1-304 evidences the public policy of this state that at-will employees may not be discharged solely for reporting activities which violate the laws, regulations and rules of this state or the United States. *Mason*, 942 S.W.2d at 475. This exception to the employment-at-will doctrine is a narrow one, however, and is applicable only in "limited circumstances, [where] certain well-defined, unambiguous principles of public policy confer upon employees implicit rights which must not be circumscribed or chilled by the potential of termination." *Stein v. Davidson Hotel*, 945 S.W.2d 714, 717 (Tenn. 1997).

Inherent in the underlying philosophy of the retaliatory discharge cause of action is that at-will employees should not be placed in the moral, ethical and legal dilemma of being forced to choose between reporting illegal activities and keeping their jobs. *See Griggs v. Coca-Cola Employees' Credit Union*, 909 F. Supp. 1059, 1064 (E.D. Tenn. 1995); *Henderson v. Corrections Corp. of America*, 918 F. Supp. 204, 210 (E.D. Tenn 1996); *Merryman v. Central Parking Sys.*, No. 01A01-9203-CH-00076, 1992 Tenn. App LEXIS 935 at *17 (Tenn. Ct. App. Nov. 13, 1992). Thus the threat of dismissal must be contemporaneous with the decision to report the illegal activities. *Id.; see also, Crews*, 78 S.W.3d at 860 (recognizing that an employee may "choose" to remain silent about an illegal activity, even when he thereby violates a mandatory ethical duty to report it, when faced with the possibility of discharge). Such a threat does not need to be explicitly enunciated, and a cause of action may be sustained notwithstanding the absence of an affirmative directive of the employer to remain silent about illegal activities. *Mason*, 942 S.W.2d 470, 474 (Tenn. 1997).

Mr. Moore undisputedly was not faced with the possibility of discharge when he decided to report what he alleges were illegal activities of his former employer.[3] It is undisputed that Mr. Moore was not an employee of Averitt on January 12, 2000, when he reported his observations to the press. While we are not insensitive to the close proximity of events in this case, and assuming

---

[3] A retaliatory discharge action may be maintained where an at-will employee is discharged for reporting what he in good faith believes is illegal activity. *Mason*, 942 S.W.2d at 472.

*arguendo* that making statements to the news media may be considered reporting perceived illegalities, we decline to extend this narrowly crafted exception to the employment-at-will doctrine to a situation where there was no potential of discharge when the report was made. In order to maintain an action for retaliatory discharge, the plaintiff must be in the class of people the common law tort and the statute were designed to protect. He must have been an at-will employee faced with the choice of reporting an illegality, thereby running the risk of being discharged as a retaliatory result, or remaining silent, thereby keeping his job at the expense of the public interest.

In light of the foregoing, the judgment of the trial court dismissing the cause of action is affirmed. The remaining issues are therefore pretermitted. Costs of this appeal are taxed to the appellant, Ronald G. Moore, and his surety, for which execution may issue if necessary.

_____
DAVID R. FARMER, JUDGE