IN THE COURT OF APPEALS OF TENNESSEE
AT JACKSON
June 22, 2004 Session

## STATE OF TENNESSEE, EX REL., REBA ALEXANDER v. MICHAEL WILLIAMS

## STATE OF TENNESSEE, EX REL., MICHAEL SPRINGFIELD v. RITA R. SHELBY

**Direct Appeal from the Juvenile Court for Haywood County**
**Nos. 6623 and 5280      J. Roland Reid, Judge**

_____

**No. W2003-01485-COA-R3-JV - Filed August 2, 2004**

_____

This is a consolidated appeal of two lawsuits in which the trial court refused to enforce or modify child support orders administratively issued under Tennessee Code Annotated 36-5-103(f). The trial court dismissed the State's petitions in both actions. We vacate the orders of dismissal and remand for proceedings on the merits.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Juvenile Court Vacated and Remanded**

DAVID R. FARMER, J., delivered the opinion of the court, in which ALAN E. HIGHERS, J. and HOLLY M. KIRBY, J., joined.

Paul G. Summers, Attorney General and Reporter, and Stuart F. Wilson-Patton, Senior Counsel, for the appellant, State of Tennessee.

**OPINION**

The issue before this Court in this consolidated appeal is whether the trial court erred by refusing to enforce or modify child support orders administratively issued by the department of human services ("the department") under Tennessee Code Annotated § 36-5-103(f). The first action, State of Tennessee, ex. rel., Reba Alexander v. Michael Williams ("the Williams action"), originates from a 1999 order of the Juvenile Court for Chester County, whereby the court ordered Mr. Williams to pay child support of $250 per month and assessed arrearage of $4254.72. In January 2000, the State filed a petition to register this order in the Juvenile Court of Haywood County. In its petition,

the State asserted a child support arrearage of $5230 as of December 31, 1999. In April 2000, the State filed a petition for contempt against Mr. Williams. The trial court reserved the issue of contempt, but found Mr. Williams to be $6,004 in arrears and ordered him to pay child support of $250 per month plus arrearage payments of $50 per month. In August 2000, the trial court found Mr. Williams not guilty of civil contempt.

In January 2002, pursuant to Tennessee Code Annotated § 36-5-103(f), the State issued an administrative order modifying and increasing Mr. Williams' obligation to $674 per month. This amount included arrears payments of approximately $50 per month. In December 2002, the State filed a petition for contempt against Mr. Williams in the Juvenile Court of Haywood County. In its petition, the State alleged Mr. Williams was in contempt of court for failure to fulfill his child support obligation as ordered by the court in 2000 and amended by the State pursuant to § 36-5-103(f) in 2001. The State further asserted Mr. Williams was $11,319.61 in arrears. Following a March 2003 hearing, the trial court found Mr. Williams obligation had been administratively modified and that his payments were in arrears of $11,193.25. The trial court dismissed the State's petition for contempt. The State filed a Tennessee Rules of Civil Procedure Rule 59 motion to alter or amend the judgment, which the trial court denied. In the course of hearing the State's Rule 59 motion, the trial court stated that it had denied the State's contempt petition because it had not found Mr. Williams to be in willful violation of the court's 2000 order of support. The court refused to consider whether Mr. Williams was in contempt of the administrative order issued in 2001.

The second action, State of Tennessee, ex. rel., Michael Springfield v. Rita R. Shelby ("the Springfield action"), originates from 1992 and 1996 orders of the trial court finding Mr. Springfield to be the father of R.G. and J. G. and ordering him to pay child support. In January 1998, Mr. Springfield filed a petition to decrease his support obligation based upon a significant variance, which the trial court granted in March 1998. The court set child support at $78 per week and set a weekly arrearage payment amount of $20 per week.

In June 2002, pursuant to § 36-5-103(f), the State issued an administrative order increasing Mr. Springfield's obligation to $220.38 per week. In December 2002, the State filed a petition on behalf of Mr. Springfield in the trial court seeking a downward modification of Mr. Springfield's child support obligation. The State petitioned the court to set child support according to the child support guidelines and attached a document indicating that Mr. Springfield had been approved for unemployment benefits in the amount of $275 for 26 weeks. The trial court heard the matter in March 2003. The trial court denied the State's petition for modification of the administrative order. The State filed a motion to alter or amend, and a hearing was held on the matter in April 2003. The trial court denied the State's motion to alter or amend in June 2003.

The State filed timely notices of appeal of both judgments to this Court. Pursuant to Rule 16 of the Tennessee Rules of Appellate Procedure, the State filed a motion in this Court to consolidate the appeals. The appeals were consolidated by order of this Court in July 2003.

## Issues Presented

The issue as presented by the State for our review is whether the trial court erred by dismissing the State's petitions for contempt and modification where the court-ordered child support orders had been modified by administrative orders and the court found the administrative orders issued under Tennessee Code Annotated § 36-5-103(f) unconstitutional.

However, having reviewed the transcript of the evidence, we disagree with the State's assertion that the trial court based its orders on a *sua sponte* determination that § 36-5-103(f) is unconstitutional on its face. Rather, the court appears to disagree with the State's assertion that the court had jurisdiction to modify or to enforce by its contempt powers administrative orders issued under the section. The trial court appears to have determined that the authority to modify/enforce administrative orders rests with the administrative (i.e. executive) agency that issued them, not with the judiciary. The court did not void or take any other action on the administrative orders issued under § 36-5-103(f). In the Williams action, the court found no willful contempt of its order and determined it lacked authority to enforce the administrative order. In the Springfield action, the court stated: "[t]he reason the modification was denied is the fact that it's really a moot point." The court further expressed that it did not believe the legislature intended to give the court the authority to modify an administrative order. The court indicated that the appeal of the administrative order should be to the administrative agency that issued it. Thus, the dispositive issue, as we perceive it, is not whether § 36-5-103(f) is facially unconstitutional. Rather, the constitutional issue is one involving the separation of powers. The pivotal issue, as we perceive it, is whether the courts have subject matter jurisdiction to enforce or modify administrative orders issued under § 36-5-103(f).

## Standard of Review

Courts may derive subject matter jurisdiction directly from the state constitution or from acts of the legislature. *Osborn v. Marr*, 127 S.W.3d 737, 739 (Tenn. 2004). Further, a court's subject matter jurisdiction is limited to powers conferred directly by the constitution or legislature or by necessary implication. *Id.* This appeal requires us to determine whether the legislature has conferred subject matter jurisdiction to the courts over child support orders administratively issued under Tennessee Code Annotated § 36-5-103(f). The court's primary objective when construing a statute is to effectuate the purpose of the legislature. *Lipscomb v. Doe*, 32 S.W.3d 840, 844 (Tenn. 2000). Insofar as possible, the intent of the legislature should be determined by the natural and ordinary meaning of the words used in the statute, and not by a construction that is forced or which limits or extends the meaning. *Id.* Likewise, the court must seek to ascertain the intended scope of the statute, neither extending nor restricting the scope intended by the legislature. *State v. Morrow*, 75 S.W.3d 919, 921 (Tenn. 2002). The court's interpretation must not render any part of the statute "inoperative, superfluous, void or insignificant." *Id.* (quoting *Tidwell v. Collins*, 522 S.W.2d 674, 676-77 (Tenn. 1975)). Rather, courts construe statutory provisions within the context of the entire statute, giving effect to its over-arching purpose. *Merrimack Mut. Fire Ins. Co. v Batts*, 59 S.W.3d 142, 151 (Tenn. Ct. App. 2001). Courts must construe a statute reasonably, bearing in mind its objective, the harm it seeks to avoid, and the purposes it seeks to promote. *Voss v. Shelter Mut. Ins.*

*Co.*, 958 S.W.2d 342, 345 (Tenn. Ct. App. 1997). Issues of statutory interpretation are questions of law which this Court reviews *de novo*, with no presumption of correctness attached to the determination of the trial court. *Morrow*, 75 S.W.3d at 921.

## *Enforcement of Administrative Order*

Chapter five of title 36 governs enforcement of decrees for alimony and support. Section 36-5-103(f) provides:

> (f)(1)(A) Every three (3) years, upon request of the custodial or noncustodial parent, or any other caretaker of the child, or, if there is an assignment of support pursuant to title 71, chapter 3, part 1, upon the request of the department or upon the request of the custodial or noncustodial parent, or of any other caretaker of the child, then, in any support order subject to enforcement under Title IV-D of the Social Security Act, the department shall review, and, if appropriate, adjust the order in accordance with child support guidelines established pursuant to § 36-5-101(e). If at the time of the review, there is a "significant variance", as defined by the department's child support guidelines, between the current support order and the support order if adjusted based upon the obligor's income, the department shall adjust the order. The department's efforts to seek adjustment, and the court's adjustment of the order, shall be in accordance with the guidelines and shall be made without a requirement for proof or showing of any other change in circumstances.
>
> (B) In the case of a request for review that is made within the three-year cycle, the department shall review, and, if the requesting party demonstrates to the department that there has been a substantial change in circumstances, adjust the support order in accordance with the guidelines established pursuant to § 36-5-101(e). For purposes of this subsection, a "substantial change in circumstances" shall be a "significant variance", as defined by the department's child support guidelines, between the amount of the current order and the amount that would be ordered under the department's child support guidelines based upon the current income of the obligor.
>
> (C) The review and adjustment in subdivisions (1)(A) and (B) may be conducted by the court, or by the department by issuance of an administrative order by the department or its contractors.
>
> (2) As an alternative to the method described in subdivision (1) for review and adjustment, the child support order may be reviewed, and the order may be adjusted by an administrative order issued by the department or its contractors by:
>
> (A) Applying a cost-of-living adjustment to the order in accordance with a formula developed by the department; or
>
> (B) Using automated methods, including automated comparisons with wage data to identify orders eligible for review, conduct the review, identify orders eligible for adjustment, and apply the appropriate adjustment to the orders eligible for adjustment based upon a threshold developed by the department.

The methods of adjustment of orders in subdivisions (f)(2)(A) and (f)(2)(B) shall be incorporated in the department's rules.

(3) The requirement for review and adjustment may be delayed if the best interest of the child require. Such interest would include the threat of physical or emotional harm to the child if the review and adjustment were to occur or the threat of severe physical or emotional harm to the child's custodial parent or caretaker.

(4) A copy of an administrative order of adjustment of the child support order shall be sent to the clerk of the court which has jurisdiction of the child support order which has been administratively adjusted and it shall be filed in the court record. A copy of the order shall be sent to the obligor and the obligee by the department.

(5) If an order of support is adjusted by administrative order pursuant to this section, the obligor and obligee shall have a right to administratively appeal the adjustment by requesting the appeal as provided in part 10 of this chapter.

(6) Notice of the right to request a review, and, if appropriate, adjust the child support order shall be sent to the obligor and the obligee by the department at least every three (3) years for a child subject to an order being enforced pursuant to Title IV-D of the Social Security Act. The notice may be included in the order.

(7) The department shall have rulemaking authority to implement the provisions of this subsection pursuant to the provisions of the Uniform Administrative Procedures Act compiled in title 4, chapter 5.

Tenn. Code Ann. § 36-5-103(f)(2001). Section 103(f)(1)(C) unambiguously provides that reviews and adjustments made pursuant to the section may be conducted by the court or by the department (of human services) by issuance of an administrative order.

Section 812 of the chapter provides:

(a) *The department may enforce an administrative order or subpoena, or the civil penalties authorized in § 36-5-811, by filing a motion for such purpose in the chancery, circuit, juvenile court, or other domestic relations court, having jurisdiction over the support order*, or at the option of the department or its Title IV-D contractor, in the county of the residence of the person or of the location of the entity against whom the request, administrative order or administrative subpoena was issued.

(b) The court may enforce any of its orders pursuant to this section by contempt orders.

(c) The department may also enforce such administrative orders, subpoenas or requests by directing the revocation, denial, or suspension of any license, as defined in § 36-5-701, of any person or entity.

(d) Such enforcement methods shall be cumulative, and not exclusive, of any other remedies provided by law for the enforcement of any orders by the court or by the department.

Tenn. Code Ann. § 36-5-812(2001)(emphasis added). Additionally, § 813 provides:

> The individual or entity to whom or to which the request, administrative order or administrative subpoena is issued pursuant to this part *and which is enforced by the court pursuant to § 36-5-812* shall be liable for all court costs of the proceedings and shall be liable to the department for the cost of any private, contract or government attorney representing the state and for the time of any of its Title IV-D contractor staff utilized in litigating the administrative order or administrative subpoena.

Tenn. Code Ann. § 36-5-813(2001)(emphasis added). Reading these provisions together, the legislature clearly conferred to the courts subject matter jurisdiction over enforcement of administrative orders of support issued under § 36-5-103(f). We accordingly hold that the court may enforce its own support orders and those issued by the State pursuant to § 36-5-103(f) by contempt orders.

### *Modification of an Administrative Order of Support*

In the Springfield action, the trial court dismissed the State's petition to modify an order of support previously modified by the department based on the court's determination that the administrative order could only properly be modified by the State. As the court pointed out, this was not a case involving an appeal of an administrative order, but a motion by the State to modify its own administrative order. The State asserts, on the other hand, that the department and the courts have concurrent jurisdiction to review and adjust orders of support subject to enforcement under Title IV-D of the Social Security Act ("Title IV-D") and subject to modification under Tennessee Code Annotated § 36-5-103(f).

Section 103(f)(1)(A) and (B) provide for administrative review of support orders subject to enforcement under Title IV-D. The section mandates that the support order shall be adjusted upon a finding of a "significant variance" as defined by the department's child support guidelines. Section 103(f)(1)(C) provides:

> The review and adjustment in subdivisions (1)(A) and (B) may be conducted by the court, or by the department by issuance of an administrative order by the department or its contractors.

Tenn. Code Ann. § 36-5-103(f)(1)(C)(2001). Further, section 103(f)(4) requires that a support order which has been administratively adjusted shall be sent to the clerk of the court which has jurisdiction over the support order and that the adjusted order shall be filed in the court record. Tenn. Code Ann. § 36-5-103(f)(4)(2001).

In § 36-5-103(f), The legislature unambiguously confers concurrent jurisdiction on the department and the courts to modify support orders subject to enforcement under Title IV-D in accordance with the child support guidelines. It further mandates that support orders which are

administratively adjusted shall be made part of the court record. We agree with the trial court that the State could have adjusted Mr. Springfield's child support obligation administratively without petitioning the court. However, regardless of the trial court's assertion that going back and forth between the court and the department is cumbersome and a waste of resources, the trial court clearly had jurisdiction to modify the child support order previously modified by the department under § 36-5-103(f). We accordingly hold that the trial court erred in dismissing the State's petition to modify without reaching the merits.

### *Holding*

In light of the foregoing, we hold that the trial court has the power to enforce, through its contempt powers, an administrative order of support issued under Tennessee Code Annotated § 36-5-103(f). We further hold that the department of human services and the court exercising jurisdiction over the order of support have concurrent jurisdiction to modify an order of support subject to review and adjustment under Tennessee Code Annotated § 36-5-103(f). We accordingly vacate the trial court's orders dismissing these actions, and remand for further proceedings on the merits. Within the Court's discretion, costs of this appeal are assessed to the State of Tennessee.

_____
DAVID R. FARMER, JUDGE