# IN THE SUPREME COURT OF TENNESSEE
September 30, 2020 Session

## SNAKE STEEL, INC. v. HOLLADAY CONSTRUCTION GROUP, LLC

**Appeal by Permission from the Court of Appeals**
**Chancery Court for Davidson County**
**No. 17-1037-III      Ellen Hobbs Lyle, Chancellor**

_____

**No. M2019-00322-SC-R11-CV**
_____

CORNELIA A. CLARK, J., with whom JEFFREY S. BIVINS, C.J., and SHARON G. LEE., J., join, concurring separately.

We fully concur in the opinion of the Court but write separately to urge the General Assembly to clarify an issue that this decision does not address: whether Holladay Construction Group, LLC ("Holladay"), had a statutory obligation to deposit the retainage it received from 2200 Charlotte Avenue, LLC, ("Owner") on May 27, 2015, into a separate, interest-bearing escrow account, or was obligated at that point only to pay subcontractors, such as Snake Steel, within ten days of receipt of the retainage from Owner.

The Court declines to address this question because Holladay did not preserve it in the courts below and failed to properly raise it in this Court. See Hodge v. Craig, 382 S.W.3d 325, 334 n.3 (Tenn. 2012). Before the trial court, Holladay "stipulated" that it had an obligation to put the retainage in an escrow account at least after May 27, 2015, when it received the retainage from Owner.[1] This argument reflects one reasonable

---

[1] At the November 2, 2018 hearing on the cross motions for summary judgment, counsel for Holladay stated:

> We have two statutes that we're asking [you] to look at. One is [section] 66-34-104(c), which is the $300 per day penalty for every day retained funds are not put in an escrow account.

interpretation of the Prompt Pay Act—that Tennessee Code Annotated sections 66-34-104(a) and 66-34-103(d) may be read together as requiring owners and prime contractors to *sequentially* establish escrow accounts for retainage, while preventing owners and prime contractors from becoming *simultaneously* responsible for depositing retainage funds for subcontractors in escrow accounts.  Such an interpretation aligns with the purpose of the Prompt Pay Act as described in the majority opinion.  See State v. Marrow, 75 S.W.3d 919, 921-22 (Tenn. 2002) ("We must construe statutory segments 'together in light of the general purpose and plan . . . and object to be obtained.'" (alteration in original) (quoting Neff v. Cherokee Ins. Co., 704 S.W.2d 1, 3 (Tenn. 1986)).

Yet, an argument can also be made that, by enacting Tennessee Code Annotated section 66-34-103(d), the General Assembly intended to absolve prime contractors, like Holladay, from any obligation to deposit retainages they receive from owners into separate, interest-bearing escrow accounts.  Interpreting section -103(d) in this manner is consistent with a separate statutory provision, which requires a prime contractor to "pay all retainages due any remote contractor within ten (10) days after receipt of the retainages from the owner."  Tenn. Code Ann. § 66-34-103(b).  Notably, section -103(b) contains no language requiring the prime contractor to deposit such retainages into a separate, interest-bearing escrow account upon receipt from the owner.  See also In re C.K.G., 173 S.W.3d 714, 729 (Tenn. 2005) (citing Fletcher v. State, 951 S.W.2d 378, 382 (Tenn. 1997)) ("Courts must . . . adopt, if possible, a reasonable construction which provides for a harmonious operation of the laws.").

---

That is stipulated by us that when the owner was retaining the money, they were not in an escrow account, when the owner paid those funds to my client, Holladay, they did not put them in an escrow account.  There is no issue of fact there.  *We are exposed to that claim because we didn't do it, we being the contractor,* but the owner also didn't do it.

(Emphasis added).  Similarly, Holladay stated in its Reply Brief before this Court that it "should have complied with the requirements of the Prompt Payment Act and placed Snake Steel's . . . retainage . . . into a separate, interest bearing account."

Both interpretations are reasonable,[2] and, unfortunately, these legitimate questions of statutory interpretation have not been preserved for resolution in this appeal. Given the steep daily penalty[3] that applies when a party obligated to deposit retainage into an interest-bearing escrow account fails to do so, I urge the General Assembly to provide clear answers to these questions of statutory construction.[4] I am authorized to state that Justice Bivins and Justice Lee concur in this separate opinion.

_____
CORNELIA A. CLARK, JUSTICE

---

[2] In fact, relevant legislative history can be read as supporting either interpretation of the Act's requirements. See Hearing on H.B. 3105 Before the Com. Comm., 108th Gen. Assemb. (Tenn. Mar. 4, 2008) (statement of Rep. Charles Curtiss, Chairman, Com. Comm.) ("It's clearly the intent of the legislature that retainage only be held out one time. There is [sic] not going to be two or three different people holding out retainage on a project, and we had a judge actually rule *that retainage can be held out twice by the owner and by the prime contractor and that's not the intention*. This legislation straightens that." (emphasis added)).

[3] While Tennessee Code Annotated section 66-34-104(c) has been amended to provide that the $300 per day "penalty" is now to be paid "as damages, not as a penalty," see Tenn. Code Ann. § 66-34-104(c) (2015), the repercussions for failing to deposit the funds into an escrow account are still significant, regardless of how they are characterized.

[4] Clarification is also needed to determine the obligation of a prime contractor when an owner, who is controlling the retained funds, fails initially to deposit the funds in an escrow account. See § 2:26. Terms—Retainage, 27 Tenn. Prac. Const. Law § 2:26 ("*If, however, the owner . . . deposits retainage in an appropriate account that is meant for the benefit of contractors on the project*, the successive tiers of contractors that are to withhold retainage are relieved of the responsibility of also placing funds in escrow." (emphasis added)); § 2:40 Prompt Pay Act, 27 Tenn. Prac. Const. Law § 2:40 ("While all participating parties on a project may have retainage provisions as part of their contract, *if the owner . . . places retainage in escrow* that will eventually be distributed to the prime . . . contractor[], retainage withheld by the remote contractors does not have to be placed in an escrow account pursuant to [Tennessee Code Annotated section] 66-34-104(a)." (emphasis added)).